UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1533** |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Intervene (R. Doc. 28)** filed by Liberty Mutual Insurance Company ("Liberty Mutual") requesting the Court to allow Liberty to intervene in the instant action between Parkcrest Builders, LLC and the Housing Authority of New Orleans ("HANO"). The motion was not opposed. The motion was submitted on August 10, 2016. For the following reasons, the Motion to Intervene is **GRANTED.**

**I.     Background**

This diversity action was filed on May 8, 2015 by the Plaintiff Parkcrest Builders, LLC seeking a Declaratory Judgment and Judgment for Damages in connection with a contract dispute between itself, as the original contractor, and Defendant HANO. R. Doc. 21, p. 2. The Plaintiff alleges that on March 4, 2013 it entered into a contract with Defendant for the construction of the Florida Avenue: New Affordable Housing Units ("the Project") for the amount of $11,288,000.00 R. Doc. 1, p. 3. During work on the Project, there were a number of delays which the Plaintiff argues were not in its control. As a result of these delays, Plaintiff states that on April 10, 2015 Defendant sent a Notice of Final Default and Termination to the Plaintiff stating that the Plaintiff was in final default of the contract and terminating Plaintiff's right to complete the project. R. Doc. 1, p. 7. Plaintiff alleges that the delays Defendant cited as the justification for the notice of default were not attributable to the Plaintiff. R. Doc. 21, p. 2. As such, arguing that it was not in default, Plaintiff alleges that the termination was "for convenience" and therefore entitles the Plaintiff to

remuneration under its contract with Defendant. R. Doc. 21, p. 3. Plaintiff has also alleged that the Defendant has breached the contract. *Id.* The Defendant has filed a counterclaim alleging that the delays were the sole fault of the Plaintiff and seeking damages for the delays. R. Doc. 23. The Defendant also asserted claims against the Plaintiff that arose after a Takeover Agreement was executed with Liberty Mutual. *Id.*

At this time, Liberty Mutual has filed a motion to intervene in the instant action. Liberty Mutual alleges that it issued a payment and performance bond in connection with the Project pursuant to the Louisiana Public Works Act, La. R.S. 38:2216 and 2242. R. Doc. 28-3, p. 3. Liberty Mutual states that the bond named the Plaintiff as the principal and the Defendant as obligee. Further, Liberty Mutual alleges that in June 2015 it executed a Takeover Agreement[1] with the Defendant regarding the Project following the termination of Plaintiff from the Project. *Id.* p. 5. As part of that agreement, Liberty Mutual retained the Plaintiff as the "completion contractor" to carry out the contract work and to deal directly with the Defendant for the remainder of the Project. On June 29, 2016, Liberty Mutual alleges that it was wrongfully terminated from the Project by Defendant. Liberty Mutual seeks to intervene to assert claims against the Defendant for breach of contract in connection with the Takeover Agreement and to assert—as surety—claims against the Defendant for wrongfully terminating the Plaintiff. R. Doc. 28-3. Liberty Mutual seeks to intervene as of right under Federal Rule of Civil Procedure 24(a). R. Doc. 28.[2]

---

[1] Note, the Defendant incorporates the Takeover Agreement and actions subsequent to the Takeover Agreement in its counterclaim against the Plaintiff.

[2] Liberty Mutual seeks in the alternative to intervene permissively under Federal Rule of Civil Procedure 24(b). Because the Court finds that Liberty Mutual has a right to intervene under Rule 24(a), the Court does not reach the merits of Liberty Mutual's Rule 24(b) argument.

## II.     Standard of Review

Federal Rule of Civil Procedure 24(a) governs intervention as of right. "Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed." *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, No. 16–50041, 2016 WL 4435631, at *1 (5th Cir. Aug. 22, 2016) (internal quotation marks omitted) (quoting *Texas v. United States*, 805 F.3d 653, 656 (5th Cir. 2015)). *See also Entergy Gulf States La, L.L.C. v. U.S. E.P.A.*, 817 F.3d 198, 203 (5th Cir. 2016) (quoting *In re Lease Oil Antitrust Litig.*, 570 F.3d 244, 248 (5th Cir. 2009)) ("The rule 'is to be liberally construed,' with 'doubts resolved in favor of the proposed intervenor.'"). Moreover, intervention should be allowed "'when no one would be hurt and the greater just could be attained.'" *Id.* (quoting *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir. 1994)).

When the movant does not have an "unconditional right" under a federal statute to intervene, Fed. R. Civ. P. 24(a)(1), the movant must satisfy a four part test:

> 1) the application ... must be timely; (2) the applicant must have an interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; (4) the applicant's interest must be inadequately represented by the existing parties to the suit.

*Id.* (quoting *Texas*, 805 F.3d at 657).

## III.    Analysis

Liberty Mutual's claims against the defendant only arise out of state law and the terms of its contract with the Defendant. R. Doc. 28-1. Therefore, because Liberty Mutual has no federal statute that gives rise to an unconditional right to intervene, Liberty Mutual must meet the four prong test under Rule 24(a) to obtain intervention as of right. For the following reasons, the Court

3

finds that Liberty Mutual meets all the requirements of Rule 24(a) and should be allowed to intervene.

First, Liberty Mutual has timely filed a motion to intervene in the instant action. Liberty Mutual's motion was filed on July 19, 2016. R. Doc. 28. Liberty Mutual alleges that the Takeover Agreement was only placed in issue in the instant action on March 22, 2016 when the Defendant filed its counterclaim. R. Doc. 28-1, p. 5. Additionally, Liberty Mutual alleges that it was still attempting to work with Defendant until it was also wrongfully terminated from the Project on June 29, 2016.

"Timeliness 'is not limited to chronological considerations but is to be determined from all the circumstances.'" *Wal-Mart Stores, Inc.*, 2016 WL 4435631, at *2 (quoting *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977)). Moreover, in considering timeliness under requests to intervene as of right, the Court should give greater leniency to the movant. *Stallworth*, 558 F.2d at 263. Here, Liberty Mutual's request is timely. Liberty Mutual filed its motion to intervene less than a month after being terminated from the Project at issue by the Defendant and less than two months from the time the Takeover Agreement was inserted into the instant action. Moreover, at this stage in litigation, the District Court has granted a motion to extended deadlines and has indicated that it will wait until the instant motion is decided to select new trial and pre-trial dates. R. Doc. 30. Given these circumstances, the Court finds the request to be timely.

Second, Liberty Mutual has an "interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). While there is no "clear definition of the nature of 'interest,'" the Fifth Circuit has held that "[t]he touchstone of the inquiry is whether the interest alleged is 'legally protectable.'" *Wal-Mart Stores, Inc.*, 2016 WL 4435631, at *2 (first quoting 7C Charles Alan Wright, et al., *Federal Practice and Procedure* § 1908.1 (3d ed. 2007); and then

4

quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 464 (5th Cir. 1984) (en banc)).  Here, Liberty is asserting that it has legally protectable interests in the Takeover Agreement which—they argue—entitles them to the contract balance at issue in Defendant's counterclaim, which they claim could be subject to offset or reduction based on Defendant's success in the instant litigation. R. Doc. 28-1, p.6. Certainly, the Takeover Agreement appears to evince such an interest. R. Doc. 23-5, p. 4 ¶¶ 8-9 (". . . .there is a dispute over…termination of [Plaintiff] by [HANO]. . . .[HANO] agrees that [HANO] will not withhold any of the Contract Balance from [Liberty Mutual] on account of its claims for liquidated and/or actual damages."). Given that Liberty has a property interest in its contract rights, Liberty meets the second requirement under Rule 25(a). *See Espy*, 18 F.3d at 1207 (finding applicant had "interest" where action threatened property right in timber contract).

Third, the disposition of the case may impair the ability of Liberty Mutual to protect its interest. There is a good deal of overlap between the factual and legal issues between Liberty's claims and the Defendant's counterclaims, particularly as it relates to the Takeover Agreement. For example, the Defendant raises a number of issues concerning substantial completion and asserts claims against the Plaintiff arising after and under the Takeover Agreement. R. Doc. 23, p. 7-8. Any judgment could collaterally estop Liberty Mutual from being able to litigate issues of fact or law as it relates to the Takeover Agreement.

Finally, Liberty Mutual has met its burden to demonstrate that its interest may be inadequately represented by the existing parties. While the burden on the movant is minimal, "'it cannot be treated as so minimal as to write the requirement completely out of the rule.'" *Texas*, 805 F.3d at 661 (quoting *Cajun Elec. Power Co–op., Inc. v. Gulf States Util., Inc.*, 940 F.2d 117, 120 (5th Cir. 1991)). The Fifth Circuit has identified two presumptions of adequate representation:

1) where the putative representative is a government body or officer charged by law to represent the interests of the movant and 2) where the movant shares the same ultimate objective as a party in the case. *Id.* (quoting *Edwards v. City of Houston*, 78 F.3d 983, 1005 (5th Cir. 1996). Here, Liberty Mutual might have the same ultimate objective as the Plaintiff given the contractual relationship tying the interests of the two together. To overcome this presumption, "the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption." *Id.* (citation omitted).

Liberty Mutual has met its minimal burden and overcome the presumption by showing that the interests of itself and the Plaintiff may well be adverse. *Id.* (finding that adversity exists where interests diverge in manner "germane to the case"). Here, Liberty Mutual argues that Parkcrest might attempt to shift liability for its actions onto Liberty Mutual as the party to the Takeover Agreement and assert its own freedom from liability for any damages after the Takeover Agreement. R. Doc. 28-1, p. 10. Certainly, in its answer to the Defendant's counterclaim, the Plaintiff has asserted as a defense that if the damages were established some other entities would be responsible. R. Doc. 24, p. 9. Moreover, as the Plaintiff is not a party to the Takeover Agreement, its defense of claims for damages under that agreement might well be inadequate. Given the liberal treatment afforded intervention and the inadequate representation requirement, the Court finds that Liberty Mutual has met its burden.

For the foregoing reasons, the Court finds that Liberty Mutual has met the requirement to intervene as of right under Federal Rule of Civil Procedure 24(a).

## IV.     <u>Conclusion</u>

Accordingly,

**IT IS ORDERED** that Liberty Mutual's **Motion to Intervene (R. Doc. 28)** is **GRANTED.**

New Orleans, Louisiana, this <u>1st</u> day of September 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**