UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-1533** |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

### ORDER AND REASONS

Before the Court is a **Motion for Leave to File Second Supplemental and Amended Counterclaim (R. Doc. 103)** filed by the Housing Authority of New Orleans ("HANO") seeking an order from the Court to allow it to file its second supplemental and amended counterclaim. The motion is opposed. R. Doc. 109. The motion was submitted on March 22, 2017. For the following reasons, the motion for leave to file is **GRANTED.**

### I.     Background

This diversity action was filed on May 8, 2015 by the Plaintiff Parkcrest Builders, LLC ("Parkcrest") seeking a Declaratory Judgment and Judgment for Damages in connection with a contract dispute between itself, as the original contractor, and Defendant HANO. R. Doc. 21, p. 2. Parkcrest alleges that on March 4, 2013 it entered into a contract with Defendant for the construction of the Florida Avenue: New Affordable Housing Units ("the Project") for the amount of $11,288,000.00 R. Doc. 1, p. 3. During work on the Project, there were a number of delays which Parkcrest argues were not in its control. As a result of these delays, Parkcrest states that on April 10, 2015 HANO sent a Notice of Final Default and Termination to Parkcrest stating that Parkcrest was in final default of the contract and terminating Parkcrest's right to complete the project. R. Doc. 1, p. 7. Parkcrest alleges that the delays HANO cited as the justification for the notice of default were not attributable to Parkcrest. R. Doc. 21, p. 2. As such, arguing that it was not in default, Parkcrest alleges that the termination was "for convenience" and therefore entitles

1

it to remuneration under its contract with HANO. R. Doc. 21, p. 3. Parkcrest has also alleged that HANO has breached the contract. *Id.* HANO has filed a counterclaim alleging that the delays were the sole fault of Parkcrest and seeking damages for the delays. R. Doc. 23. HANO also asserted claims against Parkcrest that arose after a Takeover Agreement was executed with Liberty Mutual. *Id.*

On September 1, 2016, Liberty Mutual intervened and filed a separate complaint against HANO. R. Doc. Liberty Mutual alleges that it issued a payment and performance bond in connection with the Project pursuant to the Louisiana Public Works Act, La. R.S. 38:2216 and 2242. R. Doc. 32, p. 3. Liberty Mutual states that the bond named the Plaintiff as the principal and the Defendant as obligee. Further, Liberty Mutual alleges that in June 2015 it executed a Takeover Agreement[1] with the Defendant regarding the Project following the termination of Plaintiff from the Project. *Id.* p. 5. As part of that agreement, Liberty Mutual retained the Plaintiff as the "completion contractor" to carry out the contract work and to deal directly with the Defendant for the remainder of the Project. However, after executing the Takeover Agreement, Liberty Mutual argues that HANO immediately began violating the terms by: not making timely payments for unpaid Project funds; failing to timely respond to change order proposals or finalize change orders; failing to timely process pay applications and timely pay Liberty; timely issue punch lists; and did not grant substantial completion for the project when it received Certificates of Completion and Occupancy on November 18, 2015. *Id.* at p. 6-8. Thereafter, on June 29, 2016, Liberty Mutual alleges that it was wrongfully terminated from the Project by HANO, who intended to complete the punch lists items with a third-party contractor. As such, Liberty asserts claims of breach of contract, bad faith breach of contract, and two counts of wrongful termination against HANO. *Id.* at 9-15.

---

[1] Note, the Defendant incorporates the Takeover Agreement and actions subsequent to the Takeover Agreement in its counterclaim against the Plaintiff.

2

Thereafter, on September 22, 2016, HANO filed a counterclaim against Liberty. R. Doc. 37, p. 17. HANO argues that after executing the Takeover Agreement Liberty acted as a de-facto contractor and was therefore liable for amounts in excess of the penal sum of the Bond. *Id.* at p. 18. HANO further asserts that Liberty breached the terms of the Takeover Agreement and that the breach was done in bad faith. *Id.* HANO also asserts that Liberty fraudulently induced HANO into signing the Takeover Agreement. *Id.* HANO also avers that Liberty is liable for liquidated damages as set forth in the Takeover Agreement as well as all damages resulting from Liberty's breach of the agreement. *Id.* at p. 19.

On December 19, 2016, Liberty filed a motion for judgment on the pleadings seeking dismissal of HANO's counterclaims that: (i) Liberty made fraudulent representations to HANO; (ii) Liberty breached the Takeover Agreement by naming Parkcrest as the completion contractor; and (iii) Liberty was the de-facto contractor. R. Doc. 67.

On January 18, 2017, HANO filed its first supplemental and amended counterclaim. R. Doc. 80. In that amended and supplemental counterclaim, HANO added further clarification to its counterclaims. At this time, HANO now moves to file a second amended and supplemental counterclaim to add even further clarification, particularly as to alleged false and bad faith representations of Meridian's and Parkcrest's roles on the project. R. Doc. 122, p. 2. HANO has stated that based on recently received discovery it can now offer greater specificity to its claims. *Id.*

Liberty opposes the motion. R. Doc. 109. In particular, Liberty argues that HANO's motion should be denied because HANO has repeatedly failed to cure deficiencies by amendments previously allowed. *Id.* at p. 3. Liberty argues that allowing HANO to again amend its complaint would be prejudicial when HANO could have made these allegations in earlier pleadings.

**II.    Standard of Review**

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).

An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)). "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). As such, the Court must accept all well-plead facts as true and view them in the light most favorable to the

4

non-moving party. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) (internal quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).Where viability of a claim is at least facially possible, futility does not provide grounds for denying an amendment. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir.2011).

### III.     Analysis

HANO has filed a motion for leave to file its second supplemental and amended counterclaim. R. Doc. 103. HANO argues that because the amendment has been timely filed under the Court's scheduling order, the motion should be granted. R. Doc. 103-1, p. 1. However, despite the liberal standard in evaluating such motions, leave to amend is "not automatic." *Moore v. Manns*, 732 F.3d 454, 456 (5th Cir. 2013). As such, the Court will not grant HANO's motion merely because the amendment is timely. Nonetheless, HANO has filed a supplemental memorandum clarifying that the motion to amend comes from recent discovery responses HANO received from Parkcrest.

In opposition to the motion, Liberty mainly argues that the motion should be denied because HANO has repeatedly failed to cure deficiencies by amendments previously allowed. R. Doc. 109. Liberty argues that HANO had reason to know of all the facts at issue in the supplemental and amended counterclaim well before the current motion and should have included those allegations in the early allowed amendment. *Id.* at p. 3. Liberty also asserts that some of the claims in the proposed amendment appear contradictory to HANO's first amended and supplemental counterclaim. *Id.* at p. 3-4.

"When considering whether there have been repeated failures to cure deficiencies by amendments previously allowed, courts in this circuit have considered how many previous

amendments were attempted by the mover." *Operaciones Tecnicas Marianas*, 2015 WL 4254130, at *4 (citing *U.S. ex rel. Hebert v. Dizney*, 295 F. App'x 717, 725 (5th Cir.2008)). The Fifth Circuit has found that more than two previous amendments amount to a repeated failure to cure such that denial of the amendment is not improper. *Herrmann Holdings Ltd. v. Lucent Technologies Inc.*, 302 F.3d 552, 566 (5th Cir.2002) (finding repeated failure where plaintiff had already filed an original complaint and two amended complaints).

Nonetheless, while courts look to the number of complaints filed, courts also consider the nature of previous amendments to determine if the movant had had opportunities to correct any *deficiencies* and failed to do so. *See Id.* at 566 (explaining repeated failure to correct deficiency in claims); *see also, Price v. Pinnacle Brands, Inc.*, 138 F.3d 602, 607-08 (5th Cir. 1998) (finding no abuse in district court's decision to deny motion to amend where plaintiff had three opportunities to sufficiently articulate damages theory and failed to do so). Moreover, as in considering all factors, the Court is guided by liberality espoused by Rule 15(a).

Given that this is only HANO's second attempt to amend and supplement its counterclaim, the Court does not believe that HANO has *repeatedly* failed to cure deficiencies by previous amendments. Moreover, given that the amendment appears to provide further factual allegations derived from recently received discovery, the Court is not convinced that this a dilatory tactic or would be so prejudicial to Liberty as to require the Court to deny the motion. *See Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015) (internal ciations and quotations omitted) ("The touchstone for denial of leave to amend under Rule 15(a) is prejudice. Thus, delay warrants dismissal only if the delay ... presents the possibility of serious prejudice to the opponent.").

Finally, as the Liberty's argument about the seeming contradictory nature of some of HANO's claims, the Court does not find this to be a substantial reason to deny the amendment. As the undersigned has previously explained, given the underlying motion for judgment on the

pleadings pending before the District Court (R. Doc. 67), the undersigned is unwilling to engage in a more thorough analysis of Liberty's arguments as to the validity or merits of HANO's claims. Rule 15 is a liberal standard, and the Court should deny an amendment only for a substantial reason. Liberty's legal arguments as to the sufficiency of these claims are better addressed in fully developed briefs on the merits of those claims, such as the underlying motion for judgment on the pleadings. *See Total Safety U.S., Inc. v. Rowland*, No. 13-6109, 2014 WL 793453, at *4 (E.D. La. Feb. 26, 2014) (Lemelle, J.) ("These arguments delve too deeply into the disputed merits of the factual and legal claims, which the Court considers more properly addressed through further briefs and upon motions for dismissal or summary judgment."); *Burgo v. Stansbury,* 2016 WL 5779566, at *2 (E.D. La. Oct. 4, 2016) ("While the amendment may be futile because of the jurisdictional and immunity issues identified below, the Court finds that justice requires the amendment be allowed at this time, with the jurisdictional and immunity issues to be decided at a later date."). As such, the Court will not deny these claims at this time.

Accordingly, finding no substantial reason to deny the motion, the Court grants HANO's motion for leave to file a second amended and supplemental counterclaim.

**IV.     Conclusion**

Accordingly,

**IT IS ORDERED** that HANO's **Motion for Leave to File Second Supplemental and Amended Counterclaim (R. Doc. 103)** is **GRANTED.**

New Orleans, Louisiana, this 22nd day of March 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**