UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-1533** |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Leave to File Second Supplemental and Amended Complaint (R. Doc. 102)** filed by Parkcrest Builders, LLC seeking an order from the Court to allow it to file its first supplemental and amended complaint. The motion is opposed. R. Doc. 120. The motion was submitted on March 29, 2017.  For the following reasons, the motion for leave to file is **GRANTED.**

**I.      Background**

This diversity action was filed on May 8, 2015 by the Plaintiff Parkcrest Builders, LLC ("Parkcrest") seeking a Declaratory Judgment and Judgment for Damages in connection with a contract dispute between itself, as the original contractor, and Defendant HANO. R. Doc. 21, p. 2. Parkcrest alleges that on March 4, 2013 it entered into a contract with Defendant for the construction of the Florida Avenue: New Affordable Housing Units ("the Project") for the amount of $11,288,000.00 R. Doc. 1, p. 3. During work on the Project, there were a number of delays which Parkcrest argues were not in its control. As a result of these delays, Parkcrest states that on April 10, 2015 HANO sent a Notice of Final Default and Termination to Parkcrest stating that Parkcrest was in final default of the contract and terminating Parkcrest's right to complete the project. R. Doc. 1, p. 7. Parkcrest alleges that the delays HANO cited as the justification for the notice of default were not attributable to Parkcrest. R. Doc. 21, p. 2. As such, arguing that it was not in default, Parkcrest alleges that the termination was "for convenience" and therefore entitles

1

it to remuneration under its contract with HANO. R. Doc. 21, p. 3. Parkcrest has also alleged that HANO has breached the contract. *Id.* HANO has filed a counterclaim alleging that the delays were the sole fault of Parkcrest and seeking damages for the delays. R. Doc. 23. HANO also asserted claims against Parkcrest that arose after a Takeover Agreement was executed with Liberty Mutual. *Id.* As part of that agreement, Liberty Mutual retained the Plaintiff as the "completion contractor" to carry out the contract work and to deal directly with the Defendant for the remainder of the Project.

Parkcrest initially filed its First Supplemental and Amended Complaint on March 22, 2016. R. Doc. 21. At this time, Parkcrest seeks to file its second supplemental and amended complaint to (i) add background facts that occurred after Parkcrest filed its First Supplemental and Amended Complaint and (ii) assert additional claims of negligence against HANO for damages arising after the execution of the Takeover Agreement. R. Doc. 102.

HANO has opposed the motion in part. R. Doc. 120. In particular, HANO argues that the motion to amend should be denied because Parkcrest's negligence claims are futile given that they are prescribed under Louisiana law. *Id.* at p. 4.

## II.  Standard of Review

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).

An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)). "It is well-established, of course, that the Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*: 'To pass muster under Rule 12(b)(6), [a] complaint must have contained 'enough facts to state a claim to relief that is plausible on its face.'" *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, 818 F.3d 193, 200 (5th Cir. 2016). As such, the Court must accept all well-plead facts as true and view them in the light most favorable to the non-moving party. *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir.2004) (internal quotation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).Where viability of a claim is at least facially possible, futility does not provide grounds for denying an amendment. *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 353–54 & n. 6 (5th Cir.2011).

**III.     Analysis**

Parkcrest seeks to file its second supplemental and amended complaint to (i) add background facts that occurred after Parkcrest filed its First Supplemental and Amended Complaint and (ii) assert additional claims of negligence against HANO for damages arising after the execution of the Takeover Agreement. R. Doc. 102. The motion to amend was filed within the deadline set by the District Court; therefore, the motion is analyzed pursuant to the liberal standards of Federal Rule of Civil Procedure 15.

HANO has opposed the motion to the extent that Parkcrest seeks to add a claim of negligence. R. Doc. 120. In particular, HANO argues that any claims that arose before March 6, 2016 are prescribed under Louisiana law. *Id.* at p. 3-4.

"It is well settled under Louisiana law that a cause of action based on negligence is a delictual action subject to a one year prescriptive period commencing on the "'day the injury or damage is sustained.'" *In re FEMA Trailer Formaldehyde Prod. Liab. Litig.*, No. 09-2977, 2009 WL 3834126, at *2 (E.D. La. Nov. 16, 2009) (citing La. Civ. Code. Art. 3492). However, it is not clear to the Court that one year has passed since the date of injury for all Parkcrest's negligence claims. Certainly, the relationship between Parkcrest and HANO under the Takeover Agreement did not end until June 29, 2016 and the claim of negligence appears to span the entirety of that relationship. R. Doc. 102-5, p. 4. As such, at this time, the Court is not convinced that the entirety of Parkcrest's negligence claims are futile at this time. Accordingly, finding no substantial reason to deny the motion, the Court grants Parkcrest's Motion for Leave to File Second Supplemental and Amended Complaint.

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that Parkcrest's **Motion for Leave to File Second Supplemental and Amended Complaint (R. Doc. 102)** is **GRANTED.**

New Orleans, Louisiana, this 29th day of March 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**