UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-1533** |
| **HOUSING AUTHORITY OF NEW ORLEANS** | **SECTION: "J" (4)** |

ORDER AND REASONS

Before the Court is a **Motion to Amend ESI Protocol (R. Doc. 117)** filed by Liberty Mutual Insurance Company ("Liberty"), seeking an order from the Court to modify the existing ESI Protocol. The motion is opposed. R. Doc. 128. The motion was submitted on April 5, 2017 and heard with argument that same day. For the following reasons, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I.    Background**

The facts of this case are well known to the Court given the extensive pretrial motion practice in this case. *See, e.g.,* R. Doc. 107. As such, the Court will forgo a detailed account of underlying facts and procedural history. However, for purposes of the underlying motion, the Court notes that the undersigned held a discovery conferences on December 1, 2016 as well as on December 14, 2016 to help facilitate discovery and develop and ESI Protocol. R. Docs. 62 & 65. On December 19, 2016, the undersigned approved the ESI Protocol drafted and agreed to by Parkcrest, HANO, and Liberty. R. Doc. 66.

At this time, Liberty has filed a motion to amend the ESI Protocol. R. Doc. 117. Parkcrest Builders, LLC ("Parkcrest") has joined and adopted the motion as well. R. Doc. 126. In particular, Liberty and Parkcrest seek to amend the ESI Protocol to allow for production of correspondence from entities other than "Key Persons," to specific exactly what metadata fields should be included in a .TIFF production, and to allow for a comprehensive search methodology. R. Doc. 117, p. 1.

1

The Housing Authority of New Orleans ("HANO") has opposed the motion to amend. R. Doc. 129. HANO argues that the original ESI Protocol was the result of negotiations between the Parties and that Liberty and Parkcrest cannot now amend the protocol to make it more burdensome on HANO while removing their own obligations to meet and confer. *Id.* at p. 1-2.

## II.  Standard of Review

Discovery of documents, electronically stored information, and things is governed by Federal Rule of Civil Procedure 34. Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." *Id.* Similarly, Rule 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). Both Rule 33 and 34 allow a party to ask interrogatories and request production to the extent of Rule 26(b). Fed. R. Civ. P. 33(a)(2); 34(a).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity

to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

**III.    Analysis**

At this time, Liberty has filed the instant motion to compel seeking an order of the Court to modify the current ESI Protocl to allow for production of correspondence from entities other than "Key Persons," to specific exactly what metadata fields should be included in a .TIFF production, and to allow for a comprehensive search methodology. R. Doc. 117, p. 1. In particular, Liberty has proposed that changes be made to ensure that the ESI Protocol does not limit the scope of discovery under the Federal Rules of Civil Procedure (R. Doc. 117-1, p. 16, 19); clarify that discovery is permitted beyond named "key persons" (R. Doc. 117-1, p. 23); add certain key persons to the list of key persons for HANO (R. Doc. 117-1, p. 25); allow for the Requesting Party to have 10 additional terms/queries beyond those employed by the Producing party (R. Doc. 117-1, p. 27); expand the size of returns that are presumed overbroad from 250 megabytes to 250 gigabytes (R. Doc. 117-1, p. 28); and, finally, require documents produced in .TIFF format contain the following metadata: Begdoc, Enddoc, BegAttach, Endattach, DateCreated, DateSent, DateReceived, Date Last Modified, TimeCreated, TimeSent, TimeReceived, TimeLast Modified, Author, From, To, CC, BCC, Subject, Title, Filename, MD5Hash, Filesize, File Extension, Application, Number of Attachments, Custodian, File Location and File Type (R. Doc. 117-1, p. 28). Parkcrest has agreed to these changes and has joined Liberty in the motion.

HANO opposes the changes. R. Doc. 129. In particular, HANO objects because the changes appear to place a greater burden on HANO as opposed to the other parties. *Id.* at p. 1. HANO also notes that the changes appear to remove the Parties' obligation to meet and confer. *Id.*

Finally, HANO further argues that the amendments would require HANO to reproduce a large number of documents, resulting in an unduly burdensome and duplicative discovery. *Id.* at p. 2-3.

In determining when a modification of an existing discovery protocol between the parties is appropriate, courts tend to determine if there is good cause for the modification or if existing protocol presents an undue burden on a party. *See Gen-Probe Inc. v. Becton, Dickinson, & Co.*, 2011 WL 13100706, at *3-4 (S.D. Cal. Aug. 25, 2011). However, there is not a wealth of cases addressing the modification of discovery protocols entered into between the parties; nor has there been a standard approach to their modification.

Instead, the Court finds instructive the approach adopted in the evaluation of modifications of protective orders entered into between parties. *See Peoples v. Aldine Indep. Sch. Dist.*, 2008 WL 2571900 at *2-3 (S.D. Tex. June 19, 2008). "In determining whether to modify a protective order, courts consider four factors: '1) the nature of the protective order, (2) the foreseeability, at the time of issuance of the order, of the modification requested, (3) the parties' reliance on the order; and most significantly (4) whether good cause exists for the modification.'" *Id.* (quoting *Murata Mfg. Co., Ltd. v. Bel Fuse, Inc.*, 234 F.R.D. 175, 179 (N.D. Ill. 2006)).

As to the nature of the order, if it was stipulated to by the Parties, this will weigh against its modification, particularly if the order has a greater level of specificity. *Id.* at *2. Additionally, in looking at foreseeability, "a party's oversight in not negotiating a provision in a protective order considering a matter which should have been reasonably foreseeable at the time of the agreement has been held not to constitute good cause for relief from the protective order." *Murata,* 234 F.R.D. at 180 (quoting *Jochims v. Isuzu Motors Ltd. .,* 145 F.R.D. 499, 502 (S.D.Iowa 1992)). Finally, good cause requires "changed circumstances or new situations," and the Court must balance the needs of the parties against each other. *Id.*

Some of the proposed changes appear to be warranted under this standard. In particular, the changes made to add certain key persons to the list of key persons for HANO (R. Doc. 117-1, p. 25). Here, Liberty has demonstrated good cause by providing documents from HANO employees that are relevant to the underlying litigation but did not include the key persons outlined in the ESI Protocol. As such, these documents would not have been discovered in a search of the ESI material. As such, the Court grants the motion to add the following key players: Greg Fortner, Mark Bourgeois, and Jennifer Adams. The Court also grants the motion to add Guy Barcelona as a key player for information generated since November 2016. During oral argument, the Court was informed that Barcelona took over the underlying Project and related work at that time.

The Court denies the addition of Kevin Oufnac, HANO Deputy General Counsel. While he might have some relevant information that will need to be produced, the Court is not convinced that good cause existed to add him as a "key person" at this time.

During oral arguments, HANO agreed with Liberty's proposal to amend the protocol to require documents produced in .TIFF format to contain metadata (R. Doc. 1117-1, p. 28). As such, the Court grants the motion to this extent as well.

As to the other proposed changes, the Court denies the motion. Namely, those changes that allegedly ensure that the ESI Protocol does not limit the scope of discovery under the Federal Rules of Civil Procedure (R. Doc. 117-1, p. 16, 19); allow for the Requesting Party to have 10 additional terms/queries beyond those employed by the Producing party (R. Doc. 117-1, p. 27); and expand the size of returns that are presumed overbroad from 250 megabytes to 250 gigabytes (R. Doc. 117-1, p. 28). These are all concerns that are not only foreseeable at the time of the drafting of the original ESI Protocol and should have been addressed then but Liberty also has failed to identify any change in circumstances to demonstrate good cause for the Court to use its authority to amend

5

the protocol over and above the objection of one of the drafting parties. Moreover, as to the concerns about the scope of discovery, the ESI Protocol's purpose is to help narrow the scope to make discovery more manageable and less burdensome/costly.

### IV.     Conclusion

Accordingly,

**IT IS ORDERED** that **Motion to Amend ESI Protocol (R. Doc. 117)** be **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the ESI Protocol be amended to include as key players: Greg Fortner, Mark Bourgeois, and Jennifer Adams. Guy Barcelona may also be added a key player for information generated since November 2016.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent that the ESI Protocol be amended to require documents produced in .TIFF format contain the following metadata: Begdoc, Enddoc, BegAttach, Endattach, DateCreated, DateSent, DateReceived, Date Last Modified, TimeCreated, TimeSent, TimeReceived, TimeLast Modified, Author, From, To, CC, BCC, Subject, Title, Filename, MD5Hash, Filesize, File Extension, Application, Number of Attachments, Custodian, File Location and File Type (R. Doc. 117-1, p. 28).

**IT IS FURTHER ORDERED** that the motion is **DENIED** to the extent that the ESI Protocol be amended to allegedly ensure that the ESI Protocol does not limit the scope of discovery under the Federal Rules of Civil Procedure (R. Doc. 117-1, p. 16, 19); allow for the Requesting Party to have 10 additional terms/queries beyond those employed by the Producing party (R. Doc. 117-1, p. 27); and expand the size of returns that are presumed overbroad from 250 megabytes to 250 gigabytes (R. Doc. 117-1, p. 28).

**IT IS FURTHER ORDERED** that the Parties will provided an updated ESI Protocol reflecting these changes signed by all Parties to the undersigned's Chamber's email (efile-Roby@laed.uscourts.gov) **no later than April 12, 2017.**

New Orleans, Louisiana, this 6th day of April 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**