# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1533** |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Protective Order and Extension of Time to Respond (R. Doc. 127)** filed by Liberty Mutual Insurance Company ("Liberty"), seeking an order of the Court to protect confidential financial and trade secret information; to protect against the Housing Authority of New Orleans's ("HANO") facially objectionable and improper discovery requests; and enforce and agreement between HANO and Liberty for the extension of time to respond under Federal Rule of Civil Procedure 29. The motion is opposed. R. Doc. 137.

Additionally, before the Court is a **Motion to Compel (R. Doc. 144)** filed by HANO seeking to compel Liberty to full respond to its First Set of Interrogatories and Request for Production of Documents—the same discovery at issue in Liberty's motion for protective order. The motion is opposed. R. Doc. 155. Both motions will be heard on April 19, 2017.

## I. Background

The facts of this case are well known to the Court given the extensive pretrial motion practice in this case. *See, e.g.,* R. Doc. 107. As such, the Court will forgo a detailed account of underlying facts and procedural history. At this time, Liberty has filed a motion for protective order and extension of time to respond to discovery. R. Doc. 127. On February 10, 2017, HANO propounded its First Set of Request for Production and Interrogatories to Liberty R. Doc. 127-2, p. 2. On March 16, 2017—three days after Liberty's objections were due and after an email from HANO stating that the discovery was overdue and no extensions had been requested (R. Doc. 127-

4)—Liberty requested an extension of thirty days because of ongoing discussions concerning the revising of the ESI Protocol as well as prior extensions given to HANO. *Id.* HANO responded by denying Liberty's extension, but by offering an extension of time to respond through March 21, 2017 if Liberty agreed to produce its documents with certain metadata. *Id.* at p. 3. Liberty states that it accepted this offer. On March 21, 2017, Liberty states that it did respond to the discovery but that its "narrative responses consisted of objections." *Id.* Liberty stated that it was willing to work through those objections and requested additional time to respond. HANO responded by asserting that any objections had been waived and offered to allow Liberty to meaningfully respond without objecting until April 3, 2017. On March 24, 2017, Liberty supplemented its responses without accepting HANO's offer as well as filed the instant motion.

Liberty argues that HANO's interrogatories are improper because they exceed the twenty-five allowed under the Federal Rules. *Id.* at p. 4. Liberty further argues that many of the request are improper and Liberty should not be forced to respond until those objections are resolved. Liberty also seeks the entrance of a Protective Order/Confidentiality Agreement. Finally, Liberty also seeks an extension of time to respond given the requirements of the ESI Protocol. *Id.*

In addition to opposing Liberty's motion, HANO has filed a motion to compel responses to the discovery requests at issue, arguing that because Liberty's responses were late and there is no good cause for the delay, Liberty's objections to the discovery requests are waived. R. Doc. 144.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Rule 26(b)(1) also specifics that discovery must be "proportional

to the needs of the case, considering the important of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside the scope permitted by Rule 26(b)(1).

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. Fed. R. Civ. P. 26(c)(1)(D), (G). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting *In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984) ("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required."). Finally, Rule 26(c)(1) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference.

Federal Rule of Civil Procedure 37 provides sanctions for failure to cooperate in discovery. Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(iii)-(iv) allows a party seeking discovery to move for an order compelling an answer or production of documents where a party "fails to answer an interrogatory" or "fails to produce documents." An "evasive or incomplete" answer or production is treated the same as a complete failure to answer or produce. Fed. R. Civ. P. 37(a)(4).

In addition to alleging that the responding party has failed to properly cooperate with discovery, a motion to compel under Rule 37(a) must also "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 31(a)(1).

## III. <u>Analysis</u>

Here, Liberty and HANO have filed competing opposed motions concerning HANO's First Set of Interrogatories and Requests for Production of Documents. R. Docs. 127, 144. Having reviewed each motion, the Court believes that there are a few areas for the Court to address, namely: the number of the interrogatories propounded by HANO; claims of privilege; and Liberty's waiver of other objections. Moreover, as to Liberty's request for a Protective/Confidentiality agreement, the Court has already ordered the Parties to formulate a draft protective order in advance of oral arguments for the Court to consider. The Court will enter a Protective Order as a separate order.

### A. **Number of Interrogatories**

Liberty's motion for a protective order argues that HANO propounded more interrogatories than allowed under Federal Rule of Civil Procedure 33(a)(1) as well as Local Rule 33.1. R. Doc. 127-2, p. 5-6. In particular, Liberty argues that Interrogatories Nos. 1-13, when the discrete

subparts of each interrogatory are considered, reach the limit of twenty-five requests. *Id.* at p. 6. HANO does not address this particular argument in its opposition to the motion.

Federal Rule of Civil Procedure 33 allows a party to serve another party written interrogatories which "must, to the extent it is not objected to, be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). However, "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts." Fed. R. Civ. P. 33(a)(1). Leave may be granted to serve additional interrogatories "to the extent consistent with Rule 26(b)(1) and (2)." *Id.*

Moreover, Local Rule 33.1 provides that "[b]efore serving more than 25 interrogatories, the discovery party must first file a motion for leave setting forth the proposed additional interrogatories and the reason for their use."

Federal Rule of Civil Procedure 33(a)(1) as well as Local Rule 33.1 limit the number of interrogatories that may be served by one party on another party to twenty-five (25). Because of the inherently expensive and burdensome nature of responding to interrogatories, Rule 33 "was amended in 1993 to reduce the frequency and efficiency of interrogatory practice since the device can be costly and may be used as a means of harassment." *Duncan v. Paragon Pub., Inc.*, 204 F.R.D. 127, 128 (S.D. Ind. 2001) (citing Advisory Committee's Note to the 1993 Amendment to Rule 33). As such, the party seeking leave to serve excess interrogatories must make a "particularized showing" to exceed the twenty-five interrogatory limit. *Id.* (citing *Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minnesota,* 187 F.R.D. 578, 586 (D. Minn.1999)); *see also Sterr v. Baptista*, 2009 WL 1940500, at *1 (E.D. Cal. June 29, 2009); *Mead Corp. v. Riverwood Nat. Res. Corp.,* 145 F.R.D. 512, 518 (D. Minn.1992); *Capacchione v. Charlotte–Mecklenburg Sch.,* 182 F.R.D. 486, 492 (W.D.N.C. 1998). Moreover, the Local Rules of this Court also seem to

require such a particularized showing. L.R. 33.1 ("the discovery party must first file a motion for leave setting forth the proposed additional interrogatories and the reason for their use.").

As this Court has previously explained, the issue of determining what constitutes a discrete subpart is not altogether clear from the basic wording of the Rule:

> Although the Rules do not define "discrete subparts," the Advisory Committee has issued commentary intended to provide guidance, writing:
>
>> Each party is allowed 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated.
>
> To determine whether or not discovery should be counted as a subpart or a separate interrogatory, the court must determine if purported subparts are logically or factually subsumed within and necessarily related to the primary interrogatory in question.
>
> In other words, the Court should decide whether the first question is primary and subsequent questions are secondary to the primary question; or whether the subsequent question could stand alone and is independent of the first question. If the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question.

*Nottingham v. Murphy Oil USA, Inc.,* No. 07-4211, 2010 WL 1049582, at *1-2 (E.D. La. Mar. 19, 2010) (internal citations and quotations omitted). "As with other discovery, trial courts seeking to parse Interrogatory subparts are permitted 'wide latitude to make discovery rulings based on their impressions on a variety of topics, including whether the discovery sought is unreasonably cumulative or duplicative.'" *Stephens v. Florida Marine Trans., Inc.*, No. 12-1873, 2013 WL 12120393 (E.D. La. Feb. 21, 2013) (quoting *United States v. Louisiana*, No. 11-470, 2012 WL 832295, at *4 (M.D. La. Mar. 9, 2012)).

Here, the Court has reviewed the interrogatories and determined that HANO reached the limit of twenty-five interrogatories including discrete subparts allowed under the Federal Rules on Interrogatory No. 14. In particular, the Court finds that Interrogatory No. 3 has seven discrete parts, No. 10 has three discrete parts, No. 12 has two discrete parts, and No. 14 has three discrete parts. *See* R. Doc. 127-3. While, Interrogatory No. 2 has four listed subparts, all of the subparts are interrelated and necessarily interrelated as they deal with the identity and substance of Liberty's expert witnesses. Therefore, the Court grants the motion for protective order as to Interrogatories Nos. 15-25 and denies the motion to compel responses to those interrogatories to that extent as well.

### B. Liberty's Other Valid Objections

Liberty has also asserted two valid objections that the Court will uphold notwithstanding Liberty's wavier of objections, as discussed *infra*. In particular, Liberty has asserted a number of claims of privilege in response to the interrogatories as well as the requests for production of documents. Liberty has also objected to the disclosure of information related to its expert witnesses in advance of the deadline for such disclosures under the District Court's scheduling order.

First, as to Liberty's claims/objections as to privilege, the Court will not overrule those objections at this time. "[C]ourts have found that, pursuant to Rule 26(b)(5) which concerns withholding information on the basis of privilege, the failure to timely object on the basis of privilege does not result in an automatic waiver. 'Rather, a waiver of privilege is a serious sanction reserved for cases of unjustified delay, inexcusable conduct, bad faith, or other flagrant violations'" *B&S Equip. Co. v. Truckla Servs., Inc.*, No. 09-3862, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011) (quoting *Applied Systems, Inc. v. Northern Ins. Co. of New York,* No. 97 C 1565, 1997 WL 639235, at *2 (N.D.Ill. Oct. 7, 1997)). While Liberty's delayed responses and faulty responses might constitute waiver of other objections, the Court does not view the current conduct

to be of such a flagrant violation so as to waive any claims of privilege. Nonetheless, when asserting that privilege moving forward, Liberty must produce a privilege log so as to both notify HANO as to whether any documents were actually withheld pursuant to that objection as well as allow a basis for HANO to challenge that designation if it so chooses. *See, e.g., United States v. Bollinger Shipyards, Inc.*, 12–920, 2015 WL 163806, at *3 (E.D. LA. Apr. 13, 2015) (quoting T*aylor Energy Co., L.L.C. v. Underwriters at Lloyd's London Subscribing to Ins. Coverage Evidence by Policy No. HJ109303*, No. 09–6383, 2010 WL 3952208, at *1 (E.D. La. Oct. 7, 2010)) (To claim the protection of either attorney-client or the work-product privileges, "a privilege log must contain sufficient information to allow the court or the opposing party to assess the applicability of the privilege."). To the extent HANO seeks to challenge specific claims of privilege, HANO may do so in a later motion.

### C. Waiver of Objections

"[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived." *In re United States,* 864 F.2d 1153, 1156 (5th Cir. 1989). This rule applies with equal force to both interrogatories under Federal Rule of Civil Procedure 33 and Requests for Production of Documents under Federal Rule of Civil Procedure 34. *B&S Equip. Co.*, 2011 WL 2637289 at *5. "Further, the Fifth Circuit has held that conclusory objections that the requested discovery is 'overly broad, burdensome, oppressive and irrelevant' are insufficient to voice a successful objection to an interrogatory or request for production." *Tadlock v. Artic Cat Sales, Inc.*, No. 15-766, 2017 WL 1032516, at *8 (M.D. La. Mar. 17, 2017) (citing *McLeod, Alexander, Powel and Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990)). Additionally, this requirement for a meaningful responses is underscored in connection with a motion to compel under Federal Rule of Civil Procedure 37(a)(4), which states

that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond."

Here, Liberty was first served with the discovery request on February 10, 2017. R. Doc. 137-2. Liberty was required to respond no later than thirty days. Fed. R. Civ. P. 33(b)(2); 34(b)(2)(A). As such, Liberty's responses were due on March 13, 2017.[1] However, Liberty did not respond by that date or request an extension of time by that date. As such, generally, Liberty's responses were late and its objections waived. *In re United States,* 864 F.2d at 1156. In fact, Liberty only requested an extension three days after the deadline on March 16, 2017 *after* HANO reached out informing Liberty that its responses were overdue and no extension had been requested. Moreover, at this time, Liberty appears to have not provided any responsive documents to the Request for Production of Documents and answered—rather than objected to—only a limited number of interrogatories.

Now, Liberty argues that the Parties had stipulated to an extension of time by which to respond to the discovery request under Federal Rule of Civil Procedure 29. R. Doc. 127-2, p. 22-23. In particular, Liberty argues that HANO offered to extend the deadline to March 21, 2017 provided that Liberty proved its ESI responses with certain metadata. *Id.*; R. Doc. 127-5. Liberty argues that it accepted this offer and therefore appropriately responded by March 21, 2017 when it provided its narrative objections to both the interrogatories and the requests for production of documents.

However, the Court is not satisfied that Liberty appropriately acted to properly maintain its objections. Indeed, HANO noted that it was "willing to provide Liberty an extension through Tuesday, March 21, 2017, to complete its responses to HANO, *only if* Liberty agrees to produce

---

[1] Because the deadline fell on a weekend, Liberty's deadline to respond was pushed to the next business day. Fed. R. Civ. P. 6(a)(1)(C).

documents with the requested metadata. We are anticipating your response…" R. Doc. 127-5, p. 2 (emphasis added). Liberty argues that it accepted this offer by: 1) filing the Motion to Amend the ESI Protocol which incorporated the suggested metadata and 2) by providing the narrative responses that consisted of objections and requesting additional time (again) to produce unobjectionable documents responsive to HANO's request.

Even if the Court was willing to accept that Liberty accepted and complied with the condition for the extension of time—which it is not sure it would—Liberty's largely boilerplate responses to the Interrogatories and the Requests for Production of Documents were not a meaningful response to state successful objections. Further, while Liberty argues that it was attempting to resolve the revising of the ESI Protocol, the Court does not find that process and its delays constitutes good faith given the failure to produce any documents, meaningfully respond, or timely request an extension prior to the time to respond elapsing if it had known it would not be able to comply Therefore, the Court finds that Liberty has waived its objections as to the requests or interrogatories being overly broad, burdensome, oppressive, vague and/or irrelevant. The Court grants the motion to compel and denies the motion for protective order to this extent.

### D. Extension of Time to Respond to Discovery

Finally, Liberty requested an extension of time by which to respond to HANO's discovery requests. Given the large volume of documents and information involved in the discovery in this case, the Court grants Liberty's request for an additional three weeks to *finish* its production. However, the Court orders Liberty to produce those documents not subject to privilege which can be produced on a rolling basis.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that Liberty's **Motion for Protective Order and Extension of Time to Respond (R. Doc. 127)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that HANO's **Motion to Compel (R. Doc. 144)** is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that Liberty's motion is **GRANTED** to the extent that it objects to the number of HANO's interrogatories. Liberty need not respond to Interrogatories Nos. 15-25.

**IT IS FURTHER ORDERED** that Liberty's motion is **GRANTED** to the extent that Liberty may assert claims of privilege.

**IT IS FURTHER ORDERED** that Liberty is to produce a privilege log for all documents not produced under a claim of privilege.

**IT IS FURTHER ORDERED** that HANO's motion is **GRANTED** to the extent that all other objections as to the requests or interrogatories being overly broad, burdensome, oppressive, vague and/or irrelevant to HANO's First Set of Request for Production and Interrogatories are **WAIVED.**

**IT IS FURTHER ORDERED** that Liberty is to finish production of its discovery responses to HANO's First Set of Request for Production and Interrogatories **no later than May 10, 2017.** Prior to that time, Liberty should produce document on a rolling basis.

New Orleans, Louisiana, this 19th day of April 2017.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**