UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-1533** |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

## ORDER

Before the Court is are a **Motion for Leave to File Motion to Compel (R. Doc. 315);** an **Ex Parte Motion for Leave to File Motion to Compel (R. Doc. 316);** and a **Motion for Expedited Consideration of Motion for Leave to File HANO's Motion to Compel (R. Doc. 317)** filed by the Housing Authority of New Orleans ("HANO") seeking leave to file a motion to compel. The underlying motion to compel seeks to compel Liberty and Parkcrest to produce (i) certain documents and information identified by Jack Lenhart of Meridan/Source HOV ("Meridian") and (ii) all documents disclosed to Meridian and/or withheld under the "consultant work product." R. Doc. 315-3, p. 1. The motion is opposed. R. Doc. 320. Finding that the matter can be quickly dispensed with, the Court **GRANTS** the motion to expedite and **DENIES** the motions for leave to file.

The facts of this case are well known to the Court given the extensive pretrial motion practice in this case. Of note, on July 27, 2017, the Court overruled an objection raised by Liberty Mutual Insurance Company ("Liberty") finding that HANO could inquire into Lenhart's cost-to-complete analysis completed for Liberty. R. Doc. 309.

Following that order, HANO filed the instant motions seeking to compel the production of: (i) certain documents and information identified by Jack Lenhart of Meridan/Source HOV ("Meridian") and (ii) all documents disclosed to Meridian and/or withheld under the "consultant work product." R. Doc. 315-3, p. 1. Using the logic underlying the undersigned's prior order,

HANO argues that Liberty and Parkcrest have no reason to not produce and no basis to assert a privilege as to those documents. R. Doc. 315-3. As such, HANO seeks leave to file the instant motions to compel. R. Doc. 315; R. Doc. 316.[1]

Liberty has filed an opposition to the motion. R. Doc. 320. Aside from pointing to a number of technical and procedural flaws and oddities with HANO's motions, Liberty argues that the motion should be denied because HANO has not complied with the requirement to confer under Federal Rule of Civil Procedure 37.

Upon reviewing HANO's submissions, the Court agrees that HANO has not complied with the conferral requirement under Federal Rule of Civil Procedure 37(a) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."). While HANO has included language stating that they conferred about the disputed discovery as well as included two (2) emails sent to Liberty demanding the discovery at issue, there is no evidence from the Court's review demonstrating that the Parties *actually* conferred. "Not only must the movant exhibit good faith, but the party need actually attempt a meeting or conference. The "conferment" requirement entails two-way communication, communication which is necessary to genuinely discuss any discovery issues and to avoid judicial recourse." *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 399 (S.D. Tex. 2012) (citing *Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 171 (D. Nev. 1996)). The Court is unsatisfied with HANO's attempt to confer and therefore finds that granting leave to file the motions to compel would be premature. As such, the Court denies the motions.

Accordingly,

---

[1] The Court notes that 315 and 316 appear to be duplicative and will treat them as such.

**IT IS ORDERED** that **Motion for Expedited Consideration of Motion for Leave to File HANO's Motion to Compel (R. Doc. 317)** is **GRANTED.**

**IT IS FURTHER ORDERED** that **Motion for Leave to File Motion to Compel (R. Doc. 315)** and **Motion for Leave to File Motion to Compel (R. Doc. 316)** are **DENIED.**

New Orleans, Louisiana, this 3rd day of August 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**