UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARKCREST BUILDERS, LLC | CIVIL ACTION |
| VERSUS | NO: 15-1533 |
| HOUSING AUTHORITY OF NEW ORLEANS (HANO) | SECTION: "J" (4) |

# ORDER

Before the Court is a **Motion to Compel (R. Doc. 347)** filed by Housing Authority of New Orleans ("HANO"), seeking an order from the Court to compel Intervenor Liberty Mutual Insurance Company ("Liberty Mutual") to fully respond to its Requests for Production of Documents. The motion is opposed. R. Doc. 352. The motion was submitted on August 30, 2017. However, HANO requested that the Court expeditiously consider their Motion to Compel (R. Doc. 339), which the Court granted, setting oral argument on August 14, 2017 (R. Doc. 346). For the following reasons, the motion to compel is **DENIED.**

## I. Background

### A. The Complaint

This lawsuit was filed by the Plaintiff, Parkcrest Builders, LLC, seeking a Declaratory Judgment and Judgment for Damages in connection with a construction contract dispute between itself, as the original contractor, and Defendant HANO, the property owner. R. Doc. 21, p. 2. The Plaintiff alleges that, on March 4, 2013, it entered into a contract with Defendant for the construction of the Florida Avenue: New Affordable Housing Units ("the Florida Avenue Housing Project") for the amount of $11,288,000.00. R. Doc. 1, p. 3. During work on the Project, there were a number of delays because of disputes between HANO and Entergy, omissions in the design documents and revisions to the design documents. R. Doc. 1, pp. 4-5. As a result of the difficulty in completing the project, Parkcrest was terminated as the contractor, and bond insurer, Liberty

Mutual, was demanded by HANO to complete the Florida Avenue Housing Project. R. Doc. 28-1, p. 2. Liberty Mutual, satisfied its obligation pursuant to the performance bond and renamed Parkcrest as the completion contractor after executing a Takeover Agreement with HANO. *Id.* As a result, Liberty Mutual intervened in this lawsuit (R. Doc. 32) and HANO counterclaimed against Liberty Mutual, claiming Liberty Mutual caused the delays and also breached the construction contracts (R. Doc. 37).

### B. The Motion

HANO filed the subject motion, seeking to compel Liberty Mutual to produce certain documents in its possession, namely (1) responsive documents to its request for production of documents maintained by Meridian Consulting Group/SourceHOV and (2) documents improperly withheld due to the designation of privilege, which Liberty Mutual has identified as consultant work product of Mr. Jack Lenhart, who is listed as a witness on Liberty Mutual's Witness List. R. Doc. 347. Specifically, during Mr. Jack Lenhart's deposition, HANO asserts that it requested the cost-of-completion analysis on the Florida Avenue Housing Project, as well as notes and other documents contained in his project file developed and maintained during his time on the project. R. Doc. 347-1, p. 1. In addition, HANO also seeks the award of "expenses" pursuant to Fed. R. Civ. P 37(a)(5)(A). *Id.*

In opposition, Liberty Mutual contends that HANO's request is not timely because it waited until after the discovery period closed and trial of the proceeding was approaching. R. Doc. 352. Liberty Mutual further contends that no good cause exists pursuant to Federal Rule of Civil Procedure ("Rule") 16, such that the motion should be denied. *Id.* at p. 1. Liberty Mutual also contends that the Motion to Compel is moot, as the

documents HANO requests have already been produced, and further, pursuant to the privilege log, documents were subject to the consulting expert privilege. *Id.* at pp. 2-3.

## II. **Standard of Review**

Rule 34 allows a party to request the production of "any designated documents or electronically stored information" or "any tangible things." Moreover, Rule 34 allows a party to ask request production to the extent of Rule 26(b). Fed. R. Civ. P. 34(a).

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." As such, Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." Also, Rule 26(b)(1) specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit."

Rule 37(a) allows a party in certain circumstances to move for an order compelling discovery from another party. If the motion is granted, Rule 37 provides that the court must, after giving an opportunity to be heard, require the party whose conduct necessitated the motion to pay the movant's reasonable attorneys' fees.

Moreover, Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists, the Court should consider: (1) the movant's explanation for its failure to timely act; (2) the importance of the motion; (3) the potential prejudice in allowing the motion; and (4) the

availability of a continuance to cure that prejudice. *See S & W Enterprises, L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003).

**III.** <u>**Analysis**</u>

Discovery in this matter has been aggressive and the subject of multiple motions. HANO suggests that good cause exists for permitting the discovery past the August 1, 2017, deadline because of the significant volume of ESI and the multiple depositions that had them tied up and focused. As a result, the subject motion was filed just as soon as HANO could get to it on August 10, 2017.

Liberty Mutual, in contrast, contends that HANO's repeated attempts to seek leave to file the Motion at this late stage of the case is evidence of the fact that HANO knew that its attempt to challenge the privilege log was untimely. Liberty Mutual contends that HANO had been in possession of the privilege log for months and were aware that it contained multiple documents of Mr. Jack Lenhart's handwritten notes. Furthermore, Liberty Mutual contends that part of the motion is moot because it requests Mr. Jack Lenhart's physical project file, which resulted in the production of thirteen (13) documents that seemingly were the contents of the project file, with the exception of one withheld document.

It is axiomatic that to complete discovery means that all disputes relative to discovery . . . must be filed and resolved prior to the discovery deadline. *Fairley v. Wal-Mart Stores, Inc.*, No. 14-0462, 2016 WL 2992534, at *1 (E.D. La. May 24, 2016). Moreover, [t]he good cause standard requires the party seeking relief to show that the deadlines could not reasonably be met despite the diligence of the party needing the extension. *Id.* at 5353 (quoting 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)); *see also Jackson v. Wilson Welding Servs., Inc.*, No. 10-2843, 2012 WL 14265 (E.D. La. Jan. 4, 2012).

4

Here, HANO seeks an order to compel the production of documents two weeks after the discovery deadline has passed. HANO's explanation for its untimely filing of the motion is that the project file was first identified by Mr. Jack Lenhart during his deposition on July 28, 2017, deposition. R. Doc. 347-1, p. 1. However, during oral argument, HANO later changed its position and suggested that it was understaffed and, thus, it took more time than expected for its contract lawyers to review the large volume of documents produced by Liberty Mutual.

The Court notes that Liberty Mutual's privilege log was produced to HANO on May 17, 2017, several months before the discovery deadline. HANO also does not dispute that it has received thirteen (13) documents from the project file as a result of completing its meet and confer obligation. As a result, HANO's explanation for the delay in filing the subject motion does not constitute good cause to excuse the untimely nature of its filing and the Motion to Compel is Denied. In light of the above ruling the request for attorney's fees is **DENIED.**

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that **Motion to Compel (R. Doc. 347)** is **DENIED**.

**IT IS FURTHER ORDERED THAT THE** Request for Attorney's Fees is **DENIED**.

New Orleans, Louisiana, this 19th day of September 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**