UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-01533 c/w**<br>                 **16-14118**<br>                 **16-15849** |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

ORDER AND REASONS

Before the Court is a **Motion for Leave to an Amended Complaint (R. Doc. 260)** filed in the consolidated claim filed by the consolidated Plaintiff (Civil Action No. 16-14118), Ted Herbert, LLC, seeking leave from the Court to Amend its Complaint. The motion is opposed by the consolidated defendant, Parkcrest, although no opposition memorandum was filed. R. Doc. 260-3, p. 1.  The motion was submitted on August 16, 2017.

I.      Background

This is a consolidated lawsuit filed by Ted Hebert, LLC ("Hebert"), a subcontractor retained to provide sewer, water, and labor and materials for the Guste III: New Affordable Housing United Project (the "Guste Project") and the Florida Avenue New Affordable Housing Units Project (the "Florida Project"), against Parkcrest Builders, LLC ("Parkcrest"), and Liberty Mutual Insurance Company ("Liberty Mutual"). R. Doc. 260, p. 1.  Parkcrest allegedly retained Hebert to do the work, but failed to pay the full amount Hebert was owed for work done on the Guste Project, namely, $500,416.50. R. Doc. 260, p. 1.

Hebert also contends that Parkcrest failed to pay it after accounting for the change orders and applications for payments, namely, $103,193.08.  Hebert notes that Liberty Mutual had issued a payment and performance bond on the projects to insure their completion, and as a result, Liberty Mutual is also liable for the remaining sums due on both projects. Civil Action No. 16-14118 R. Doc. 1-2, p. 5.

In August 2016, a catastrophic flood occurred in Louisiana and damaged Hebert's office at or around the same time Hebert's petition was filed. R. Doc. 260, p. 1.  As a result, Hebert suffered the loss of all of its records, and thereafter, began the process of reconstructing its financial documents. *Id.* at p. 2.  As a result of the reconstruction, Hebert seeks to amend to update the value of its claim to include the retained amount by Parkcrest of $97,480.71.

Hebert acknowledges that its request to amend the complaint is untimely, but suggest that good cause exists because its accounts receivable manager only recently noticed the accounting error.  As a result, Hebert seeks to amend its complaint to recover the retained amount.

While no written opposition was filed, Parkcrest, when contacted by Hebert, confirmed that it opposes the motion on the basis of untimeliness.[1] R. Doc. 260-3, p. 1.  Liberty Mutual does not oppose the filing of Herbert's motion. *Id.*

## II.    Standard of Review

Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial.  Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).  Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.*  In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)).  When denying a motion to amend, the court must

---

[1]The deadline set forth in the December 6, 2016, Scheduling Order for the Amendment of Pleadings was March 6, 2017. (Rec. Doc. 63).

2

have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

However, this liberal amendment policy is tempered when, as here, the mover has filed an untimely request to amend. Rule 16(b)(4) requires that, in an instance such as this, the requesting party should present good cause for the untimely request, which will be more fully addressed below. Fed. R. Civ. P. 16(b)(4).

**III.   Analysis**

Herbert seeks to Amend the Complaint to assert a retainage claim, totaling $97,480.71, and acknowledges that the deadline for submitting amendments to pleadings was March 6, 2017, and the subject motion was not filed until July17, 2017. R. Doc. 63, p. 1. When contacted by Hebert, Parkrest opposed the filing of the pleading, but failed to express its opposition in writing.

The question before the Court is whether there is good cause for the delayed request to amend the complaint. To determine if good cause exists as to untimely motions to amend pleadings, the Court should consider: "(1) the movant's explanation for its failure to timely move for leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure that prejudice." *Royal Ins. Co. of Am. v. Schubert Marine Sales*, No. Civ. A. 02-0916, 2003 WL 21664701, at *2 (citing *S&W Enterprises v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)). If the movant can show good cause, the Court will then apply the liberal standards of Rule 15(a). *S&W Enterprises*, 315 F.3d at 536.

3

Hebert readily acknowledges that the reason for the delay in asserting the claim is that it lost its records in the flood of the summer 2016, which required his accountant to recreate its records. As a result of the recreation of its financial records, which recently concluded, Hebert realized that it had not asserted included in its damages the retained amount by Parkcrest.

There is no dispute that recovering the retained amount is important. Parkcrest does not contend that it was unaware of the amount it retained and cannot legitimately claim that it would be prejudiced if Hebert is allowed to seek to recover the claim. In addition, Parkcrest cannot surely suggest that it would be prejudiced if Hebert is permitted to assert the retainage claim because it retained the funds, and it knows how much it retained. Finally, continuance is not a real factor in this matter, as Parkcrest is aware of the money it withheld, and further, Parkcrest does not raise the issue of continuance nor asserts that it would need more time to assess the validity of Hebert's retainage claim. Considering the Rule 16(b)(4) factors, the Court finds that Hebert should be granted leave to amend the claim to assert the retainage claim.

## IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the Consolidated Plaintiff's, Ted Herbert, LLC, **Motion for Leave to File an Amended Complaint (R. Doc. 260)** is **GRANTED**.

The Clerk of Court is directed to file the attached Amended Complaint as submitted into the record of these proceedings.

New Orleans, Louisiana, this 20<u>th</u> day of September 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**