# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1533 c/w**<br>**16-14118**<br>**16-15849** |
| **THE HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

## ORDER AND REASONS

Before the Court is a **Motion to Strike, and Alternatively, Motion for a Protective Order Pertaining to the Second Set of Interrogatories and to the First Request for Admissions Propounded to Liberty Mutual Insurance Company by the Housing Authority of New Orleans (R. Doc. 356)** filed by Intervenor, Liberty Mutual Insurance Company ("Liberty Mutual"). The motion is opposed. R. Doc. 371. The motion was submitted on September 6, 2017. For the following reasons, the motion to strike is **GRANTED.**

## I.   Background

### A.   *The Complaint*

This lawsuit was filed by the Plaintiff, Parkcrest Builders, LLC ("Parkcrest"), in connection with a construction contract dispute between itself, as the original contractor, and Defendant HANO, the property owner. R. Doc. 1. The Plaintiff alleges that, on March 4, 2013, it entered into a contract with Defendant for the construction of the Florida Avenue: New Affordable Housing Units ("the Florida Project"), which remains under construction. Presently, Parkcrest, Liberty Mutual, and HANO are in a dispute regarding the reason why the Project has not been completed

### B.   *The Motion*

Liberty Mutual has filed the subject motion to strike or relieve it from responding to HANO's Second Set of Interrogatories and First Request for Admission, propounded on August 1, 2017,

1

the discovery deadline. R. Doc. 356. Liberty Mutual argues that (1) Mr. Jack Lenhart's July 18, 2017, deposition was not required for HANO to propound its August 1, 2017, discovery requests; (2) despite any agreement with Liberty Mutual for additional interrogatories, HANO was required to timely propound its discovery; and (3) HANO fails to demonstrate good cause, pursuant to Federal Rule of Civil Procedure 16(b)(4), to excuse its untimely discovery requests. R. Doc. 376.

HANO contends that the discovery was propounded in response to the July 18, 2017, deposition of Mr. Jack Lenhart, an employee of SourceHOV/Meridian Consulting Group, LLC ("Meridian"). R. Doc. 371, p. 1. As such, HANO asserts that the facts could not have been discovered prior to July 18, 2017. *Id.* at p. 2. Moreover, HANO avers that Liberty Mutual agreed to allow HANO to serve ten (10) additional interrogatories on Liberty Mutual in exchange for HANO's consent to allow Liberty Mutual and Parkcrest to notice up to thirteen (13) depositions in this matter, some beyond the August 1, 2017, discovery completion date. *Id.* at p. 4.

## II.     Standard of Review

Federal Rules of Civil Procedure ("Rule") 33 and 36 provide that responses to interrogatories and requests for admission, respectively, are due within thirty (30) days after service. Fed. R. Civ. P. 33(b)(3); 36(a)(3).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding the disclosure of discovery. Fed. R. Civ. P. 26(c)(1)(A). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact [.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015). In addition, Rule 26(c) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference. Fed. R. Civ. P. 26(c)(1).

### III. <u>Analysis</u>

There is no dispute that the discovery, which is the subject of this motion, was propounded late. The discovery was not propounded until August 1, 2017, and would not have been due until August 31, 2017, thirty days after the discovery deadline. The issue is, however, whether (1) good cause exists because of the agreement between counsel or (2) good cause exists because of newly acquired evidence after Mr. Jack Lenhart's deposition.

The Scheduling Order in place provided that all discovery must be completed by August 1, 2017. R. Doc. 63, as amended by R. Doc. 198. As previously mentioned, the discovery at issue was not propounded until August 1, 2017, and would not have been due until August 31, 2017, thirty days after the discovery deadline. The Court notes that there is no dispute regarding whether the Scheduling Order discovery deadline should apply to the First Request for Admissions, also a form of discovery. The only question that remains is whether good cause exists for the untimely propounded discovery.

Rule 16(b)(4) provides that the scheduling order may only be modified for good cause. To determine if good cause exists, the Court should consider: (1) the explanation for the failure to

3

timely act; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure that prejudice. *See S & W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

HANO contends that it propounded the untimely discovery because of information learned during Mr. Jack Lenhart's deposition. HANO does not, however, describe the nature of the information learned. The requested discovery reveals that the discovery is largely directed towards payments made, the identity of subcontractors, and substantial completion determination. Only Interrogatory No. 2 could be tangentially related to Meridian, but the inquiry is not specifically related to Mr. Jack Lenhart. There is no suggestion that the evidence sought is important to these proceedings. Also, there is no risk of prejudice and the trial has already been continued. Considering that two of the factors weigh in favor of good cause and two weigh against a finding of good cause, the motion to strike the discovery is granted.

IV. **Conclusion**

Accordingly,

**IT IS ORDERED** that the Intervenor's **Motion to Strike, and Alternatively, Motion for a Protective Order Pertaining to the Second Set of Interrogatories and to the First Request for Admissions Propounded to Liberty Mutual Insurance Company by the Housing Authority of New Orleans (R. Doc. 356)** is **GRANTED.**

New Orleans, Louisiana, this 26th day of September 2017.

                        **KAREN WELLS ROBY**
               **CHIEF UNITED STATES MAGISTRATE JUDGE**