UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-1533 c/w** <br> **16-14118** <br> **16-15849** |
| **THE HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

### ORDER AND REASONS

Before the Court is a **Motion to Strike, and Alternatively, Motion for a Protective Order Pertaining to the Request for Production Propounded to Liberty Mutual Insurance Company by Ted Hebert, LLC (R. Doc. 357)** filed by Intervenor, Liberty Mutual Insurance Company ("Liberty Mutual"). The motion is opposed. R. Doc. 363. The motion was submitted on August 30, 2017. For the following reasons, the motion to strike is **GRANTED.**

### I.     Background

####     A.     The Claims

This is a consolidated lawsuit filed by Ted Hebert, LLC ("Ted Hebert"), a subcontractor retained to provide sewer, water and labor and materials for the Guste III: New Affordable Housing United Project (the "Guste Project") and the Florida Avenue New Affordable Housing Units Project (the "Florida Project"), against Parkcrest Builders, LLC ("Parkcrest"), and Liberty Mutual Insurance Company ("Liberty Mutual"). R. Doc. 1; R. Doc. 260, p. 1. Parkcrest allegedly retained Ted Hebert to do the work, but failed to pay the full amount Ted Hebert was owed for work done on the Guste Project, namely, $500,416.00. R. Doc. 260, p. 1.

Ted Hebert also contends that Parkcrest failed to pay it after accounting for the change orders and applications for payments, totalling $103,193.08. Ted Hebert notes that Liberty Mutual had issued a payment and performance bond on the projects to insure their completion, and as a

result, contends that Liberty Mutual is also liable for the remaining sums due on both projects. R. Doc. 1-2, p. 5.

### B. Liberty Mutual's Motion to Strike

Liberty Mutual seeks an order striking Request for Production No. 1 because it was propounded on the discovery deadline, August 1, 2017. Therefore, the discovery, as propounded, would not be due until August 31, 2017, thirty days after the deadline, and that there is no good cause for the untimely request. R. Doc. 357.

Ted Hebert concedes that the request was propounded on the deadline, but contends that answering only one request, although late, is not burdensome. Ted Hebert further contends that the request only seeks copies of payments Liberty Mutual received from HANO. R. Doc. 363, pp. 1-2.

## II. Standard of Review

Federal Rule of Civil Procedure 34 provide that responses to requests for production are due within thirty (30) days after service. Fed. R. Civ. P. 34(b)(2).

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Rule 26(c) governs the issuances of Protective Orders in discovery. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding the

disclosure of discovery. Fed. R. Civ. P. 26(c)(1)(A). "The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact [.]'" *Cazaubon v. MR Precious Metals, LLC*, 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015). In addition, Rule 26(c) requires a certification that the moving party has conferred or attempted to confer in good faith with the other affected party to attempt to resolve the issue without the court's interference. Fed. R. Civ. P. 26(c)(1).

Moreover, Rule 16(b) limits changes in the deadlines set by a scheduling order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). To determine if good cause exists, the Court should consider: (1) the explanation for the failure to timely act; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure that prejudice. *See S & W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003); *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990).

### III. Analysis

The Court's Scheduling Order, as amended, established August 1, 2017, as the deadline for "completing all discovery." R. Doc. 190. This was not the deadline for initiating fact discovery. *See Swanner v. Marathon Ashland Petroleum LLC*, No. CIV. A. 01-1251, 2002 WL 1837847, at *1 (E.D. La. Aug. 8, 2002) (finding that "[t]he only conclusion is that Playa Minerals sat on its rights until the last day for discovery and then served its written discovery. This was too late under the District Court's scheduling order and Playa Minerals has not presented good cause for relief from that order."); *see also Borniski v. Tex. Instruments, Inc.*, 32 F. Supp. 2d 918, 919 (N.D. Tex. 1998) (overruling plaintiff's objections to Magistrate Judge's November 16, 1998, order that

3

discovery served on the eve of discovery deadline untimely because "deadline set out in the scheduling order was for the completion, not the initiation, of discovery").

Rule 34(b)(2)(A) allows a party thirty (30) days from service to respond to requests for production. *See Thomas v. IEM, Inc.*, No. 06-886, 2008 WL 695230, at *2 (M.D. La. Mar. 12, 2008) (finding that document requests were untimely as the date for responding "would have fallen outside the [January 15] discovery deadline (*i.e.,* thirty days from service of the Rule 34 request, or January 23, 2008)).

Ted Hebert concedes that the request is untimely. In this instance, Rule 16(b)(4) requires a finding of good cause for the untimely submission. There is no good reason given for the late submission. Further, there is no suggestion that the information is important, and requiring a response after the deadline would result in the expenditure of resources unnecessarily even though the prejudicial effect is unclear at this time. Finally, although the trial has been continued to February 18, 2018, the discovery deadline remains in place, and thus, a continuance would not adequately assist in resolving the dispute.

## IV. Conclusion

Accordingly,

**IT IS ORDERED** that the Intervenor's **Motion to Strike, and Alternatively, Motion for a Protective Order Pertaining to the Request for Production Propounded to Liberty Mutual Insurance Company by Ted Hebert, LLC (R. Doc. 357)** is **GRANTED.**

New Orleans, Louisiana, this 28th day of September 2017.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**