UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO: 15-01533 c/w**<br>**16-14118**<br>**16-15849** |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

# ORDER

Before the Court is **Liberty Mutual Insurance Company's Motion for Attorneys' Fees (R. Doc. 359)** filed by Intervenor Liberty Mutual Insurance Company ("Liberty Mutual"), seeking an order from the Court to award it the attorneys' fees incurred by it in the filing and prosecution of its Motion for Contempt. R. Doc. 303. The motion is unopposed. In total, Liberty Mutual seeks $1,575.50 in attorneys' fees.

## I. Background

The facts of this case are well known to the Court given the extensive pretrial motion practice in this case. *See, e.g.,* R. Doc. 107. On August 10, 2017, the Court granted Liberty Mutual's Motion for Contempt, finding that it was entitled to attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(A). R. Doc. 337. As a part of that Order, the Court ordered that Liberty Mutual file a motion to fix attorneys' fees and costs. *Id.* Liberty Mutual, thereafter, filed the subject motion on August 15, 2017, requesting $1,575.50 in attorneys' fees. R. Doc. 359, p. 2. Liberty Mutual's motion is unopposed.

## II. Standard of Review

The Supreme Court has specified that the "lodestar" calculation is the "most useful starting point" for determining the award for attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Lodestar is computed by ". . . the number of hours reasonably expended on the litigation

multiplied by a reasonable hourly rate." *Id.* The lodestar calculation, ". . . provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).[1] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the lodestar. *Id.* However, the lodestar is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended," and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997)).

**III. Analysis**

    **A.** *Reasonable Hourly Rate*

Here, Liberty Mutual has submitted the affidavit of Craig N. Mangum. R. Doc. 359-2. Liberty Mutual has requested an hourly rate of $225 for work conducted by David J. Krebs ("Krebs"), $225 for work conducted by Craig N. Mangum ("Mangum"), and $185 for work conducted by Cassandra R. Hewlings ("Hewlings"). R. Doc. 359-2, p. 3.

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).

Additionally, attached to Mangum's affidavit are on-line biographies of each attorney. Krebs' biography lays out that he is managing partner of Krebs Farley and has been practicing law for thirty-five (35) years. R. Doc. 359-3. Furthermore, Krebs' biography notes that he is ranked by Chambers among the "top construction attorneys in the region . . . [and] represents some of the country's largest corporations in major litigation matters." *Id.* Mangum is a partner with Krebs Farley and has nine (9) years of legal experience, and Hewlings is an associate with Krebs Farley and has four (4) years of legal experience. R. Doc. 359-4, p. 1; 359-5.

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Miss. v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Note, "attorney travel time is typically compensated at 50% of the reasonable hourly rate." *Int'l Transp. Workers Fed'n*, 2013 WL 5329873, at *4 (citing *Watkins*, 7 F.3d at 459).

As proof of reasonableness of rates charged, Liberty Mutual has cited to numerous decisions from this Court. *See DirecTV, LLC v. Habip ERTEM*, Civil Action No. 13-487, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (finding that $350/hour for partners and $250/hour for associates in New Orleans market were reasonable rates); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, LLC*, Civil Action No. 10-4151, 2014 WL 5039670, at *8 (E.D. La. Sept.

25, 2014) (approving hourly rates of $325/hour for an attorney with 19 years of experience, $275/hour for an attorney with 7 years of experience, and $225/hour for an attorney with 4 years of experience); *Constr. S., Inc. v. Jenkins*, Civil Action No. 11-1201, 2011 WL 3882271, at *2 (E.D. La. July 29, 2011) (approving $350/hour for partners with 30 and 36 years of experience).

In the instant case, Colmex does not challenge the reasonableness of the rates of neither Krebs, Magnum, nor Hewlings. Therefore, the hourly rates of $225 for both Krebs and Mangum and $185 for Hewlings, respectively, are presumed reasonable. *See Powell*, 891 F.2d at 1173 (citing *Islamic Ctr. of Miss.*, 876 F.2d at 468 ("When an attorney's customary billing rate is the rate at which the attorney requests the lodestar be computed and that rate is within the range of prevailing market rates, the court should consider this rate when fixing the hourly rate to be allowed. *When that rate is not contested, it is prima facie reasonable.*")).

**B.** *Hours Reasonably Spent on Litigation*

Next, the court must determine whether the time expended was reasonable. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary. . . ." *Id.* at 434. Precisely, the party seeking the award must show all hours spent on the case, but not included in the fee request. *See Leroy v. City of Houston*, 831 F.2d 576, 585 (5th Cir. 1987). Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Hensley*, 461 U.S. at 434. The Supreme Court calls on fee applicants to make requests that demonstrate "billing judgement". *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.2d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d

4

761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Overly vague explanations of hours expended may result in a reduction of hours used in the *Lodestar* calculation. *See Hagan v. MRS Assoc. Inc.*, 99–3749, 2001 WL 531119, at *5 (E.D. La. May 15, 2001) (quoting *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1995)) ("Litigants 'take their chances' when submitting inadequately documented fee applications which provide little information from which to determine the reasonableness of the hours expended on tasks vaguely described or lumped together."). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006).

Here, Liberty Mutual has provided a L.R. 54.2 Verified Contemporaneous Report, demonstrating that Krebs worked 0.5 hours on the motion for contempt, Mangum worked a total of 4.2 hours, and Hewlings worked a total of 2.8 hours. R. Doc. 359-2, p. 4. However, the Court finds that the hours expended by Hewlings are excessive. Given that Hewlings had already expended 1.5 hours on July 23, 2017, on the memorandum in support of the motion for contempt, it is the Court's position that an additional 1.3 hours on July 24, 2017, was not necessary to draft the memorandum in support, especially considering the motion for contempt involved no difficult or novel issues of law or fact. It was simply a motion holding Colmex in contempt for its failure to comply with the Court's discovery order. As such, the Court will reduce the hours spent by Hewlings on the memorandum in support by 0.65 hours. Therefore, the Court finds that the reasonable hours expended by Liberty Mutual are: 0.5 hours, 4.2 hours, and 2.15 hours for Krebs, Mangum, and Hewlings, respectively.

C.  *Lodestar* **Calculation**

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---:|---:|---:|
| David J. Krebs | $225.00 | 0.50 | $112.50 |
| Craig N. Mangum | $225.00 | 4.20 | $945.00 |
| Cassandra R. Hewlings | $185.00 | 2.15 | $397.75 |
| | | **Total:** | **$1,455.25** |

The total *Lodestar* amount then is **$1,455.25**.

D.  *Adjusting the Lodestar*

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Dep't of Hous. and Urban Dev.*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted.

IV. **Conclusion**

**IT IS ORDERED** that Intervenor's **Liberty Mutual Insurance Company's Motion for Attorneys' Fees (R. Doc. 359)** is **GRANTED**. Liberty Mutual is awarded reasonable attorneys' fees and expenses in the amount of **$1,455.25**.

**IT IS FURTHER ORDERED** that Colmex shall satisfy its obligation to Liberty Mutual **no later than twenty-one (21) days** from the issuance of this Order.

New Orleans, Louisiana, this 17th day of October 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**