UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**PARKCREST BUILDERS, LLC**  **CIVIL ACTION**

**VERSUS** NO:  15-01533 c/w
  16-14118
  16-15849

**HOUSING AUTHORITY OF NEW ORLEANS (HANO)** **SECTION: "J" (4)**

## ORDER AND REASONS

Before the Court is the **Motion of Defendant Liberty Mutual Insurance Company for Leave to File First Amended Answer (R. Doc. 321)**, seeking leave of the court to assert additional affirmative defenses. The motion is opposed; however, opposition was untimely filed on August 11, 2017. R. Doc. 349.[1] The motion was submitted on August 16, 2017.

**I.    Background**

This is a consolidated lawsuit filed by Ted Hebert, LLC ("Hebert"), a subcontractor retained to provide sewer, water, and labor and materials for the Guste III: New Affordable Housing United Project (the "Guste Project") and the Florida Avenue New Affordable Housing Units Project (the "Florida Project"), against Parkcrest Builders, LLC ("Parkcrest"), and Liberty Mutual Insurance Company ("Liberty Mutual"). R. Doc. 260, p. 1. Parkcrest allegedly retained Hebert to do the work, but failed to pay the full amount Hebert was owed for work done on the Guste Project, namely, $500,416.50. R. Doc. 260, p. 1.

Hebert also contends that Parkcrest failed to pay it after accounting for the change orders and applications for payments, totalling $103,193.08. Hebert notes that Liberty Mutual had issued a payment and performance bond on the projects to insure their completion, and as a

---

[1] The motion was submitted on August 16, 2017, requiring opposing Counsel to file opposition no later than August 8, 2017. Counsel is cautioned that future untimely filings will not be considered by the Court.

result, Liberty Mutual is also liable for the remaining sums due on both projects. Civil Action No. 16-14118, R. Doc. 1-2, p. 5.

At this time, Liberty Mutual seeks leave to file its First Amended Answer and Affirmative Defenses. Liberty Mutual alleges that a great deal of discovery and document production took place after the amendment to pleadings deadline.[2] R. Doc. 321-1, p. 2. Specifically, Liberty Mutual claims that it was through Hebert's June 26, 2017, corporate deposition that it learned the facts and evidence giving rise to the affirmative defenses it now seeks to assert. *Id.* at p. 6.

In opposition, Hebert argues that Liberty Mutual has not demonstrated good cause for the untimely amendment. R. Doc. 349. In particular, Hebert argues that: (1) Liberty Mutual has been in possession of all relevant information concerning the affirmative defense of prescription since the suit was filed and (2) the amended answer would cause undue delay and require the Court to potentially continue the trial. *Id.* at p. 6.[3]

## II.  **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

---

[2] The District Court set a deadline for the amendment of pleadings on March 6, 2017. R. Doc. 63.
[3] The Court notes that, at the time Liberty Mutual filed its motion, trial was set for September 11, 2017. On August 17, 2017, trial was continued to February 20, 2018. R. Doc. 361.

2

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d 987, 994 (5th Cir. 2005) (internal quotation marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir. 2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994).

"[T]he Fifth Circuit [has] clarified that when, as here, a scheduling order has been issued by the district court, Rule 16(b) governs amendment of pleadings." *Royal Ins. Co. of Am. v. Schubert Marine Sales*, 02–0916, 2003 WL 216647401, at *2 (E.D. La. July 11, 2003) (Englehardt, J.) (citing *S & W Enters., L.L.C. v. Southtrust Bank of Ala.*, 315 F.3d 533, 535–36 (5th Cir. 2003)). However, the Fifth Circuit has also clarified that when it comes to dealing with amendments concerning affirmative defenses:

> Generally, affirmative defenses must be presented in the answer. Fed. R. Civ. P. 8(c)(1). Even so, if the defense is later presented "in a manner that does not result in unfair surprise[,] . . . technical failure to comply precisely with Rule 8(c) is not fatal." *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855–56 (5th Cir. 1983). The defense may be considered if it was raised "at a pragmatically sufficient time, and [the plaintiff] was not prejudiced in its ability to respond." *Id*. at 856.

*Bradberry v. Jefferson County*, 732 F.3d 540, 552 (5th Cir. 2013).

### III. Analysis

In the subject motion, Liberty Mutual seeks to file an amended answer to add the following affirmative defenses:

**ELEVENTH AFFIRMATIVE DEFENSE**

3

> The Plaintiff, Ted Hebert, L.L.C., failed to comply with deadlines imposed upon it as a claimant under La. Rev. Stat. § 38:2247 of the Louisiana Public Works Act, and failed to timely institute this action.
>
> **TWELFTH AFFIRMATIVE DEFENSE**
> The claims, demands and causes asserted by the Plaintiff are preempted through, prescribed and/or otherwise barred by, the passage of time.

R. Doc. 321, p. 4. In its original Answer, Liberty Mutual's First Affirmative Defense pled that "Liberty Mutual's liability under Payment Bond No. 022045437 or Payment Bond No. 022045415 (the "Bonds"), if any, is determined by the provisions and *limitations* of the Louisiana Public Works Act, La. Rev. Stat. Ann. § 38:2241 *et seq.*, and Liberty Mutual pleads those provisions and *limitations* as if copied in this Answer word-for-word." R. Doc. 38 (emphasis added).

The issue before the Court is whether Liberty Mutual's untimely amendment should be allowed, considering it comes almost five months after the amendment to pleadings deadline. As an initial matter, statute of limitations, termed prescription under Louisiana law, is an affirmative defense listed under Rule 8(c). As such, Liberty Mutual's request to amend its answer should be granted as long as it does not result in "unfair surprise" and the motion was raised with "pragmatically sufficient time, and [the Plaintiff is] not prejudiced in its ability to respond." *See S. Farm Bureau Life Ins. Co. v. Pujol*, Civil Action No. 15-5950, 2016 WL 5115498, at *2 (E.D. La. Sept. 21, 2016) (citing *Bradberry*, 732 F.3d at 552 (quoting *Allied Chem. Corp. v. Mackay*, 695 F.2d 854, 855-56 (5th Cir. 1983))).

First, Liberty Mutual's amendment should not result in unfair surprise. Liberty Mutual's First Affirmative Defense encompassed all of the limitations available under the Louisiana Public Works Act, including the defense of prescription. In fact, Liberty Mutual's amendment simply seeks to narrow its Answer by explicitly pleading limitations under § 38:2247 of the Louisiana Public Works Act. *See, e.g.*, *Saacks v. Privilege Underwriters Reciprocal Exch.*, Civil Action No. 16-1149, 2017 WL 434435, at *1 (E.D. La. Feb. 1, 2017) (Fallon, J.) (denying plaintiffs' motion

4

to appeal Magistrate's decision granting defendant's motion to amend answer; in its original answer, defendant's twelfth affirmative defense pled, *in extenso*, all terms, conditions, limitations and exclusions of the insurance policy, as if set forth in the answer. Defendant later moved to amend to add the affirmative defense of fraud, and the Magistrate granted the motion, holding that defendant's twelfth affirmative defense encompassed all exclusions available under the insurance policy, including the fraud exclusion defense.).

Second, Liberty Mutual's amendment comes at a pragmatically sufficient time so as to not prejudice Hebert in its ability to respond. Since the filing of Liberty Mutual's motion, trial has been continued to February 2018. R. Doc. 361. Although discovery closed on August 1, 2017, there is likely no need for additional discovery. The issue of prescription appears to be largely a legal argument that should not require any additional facts or discovery that has not already been conducted. While Hebert raises prejudice claims, arguing that Liberty Mutual's amendment would require further discovery, Hebert acknowledges in its opposition (1) the date it was dismissed from the project, (2) when it recorded its sworn statement of amount due, and (3) the date the suit was filed. R. Doc. 349, p. 5.[4] Hebert further asserts that these facts, alone, were sufficient to determine if the affirmative defense of prescription applied. *Id.* As such, Hebert's argument that additional discovery will be required is moot because Hebert need not question Liberty Mutual on information it apparently already has.

Considering the foregoing, the Court finds that Liberty Mutual should be granted leave to amend its answer to assert the affirmative defense of prescription. The Amended Answer shall be filed in the record.

---

[4] The Court notes that neither the date of termination from the Guste and Florida Projects, nor the date of the sworn statement of amount due are mentioned in Hebert's original Petition. *See* Civil Action No. 16-14118, R. Doc. 1-2.

5

## VI. Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion of Defendant Liberty Mutual Insurance Company for Leave to File First Amended Answer (R. Doc. 321)** is **GRANTED.**

New Orleans, Louisiana, this 18th day of October 2017.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**