UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARKCREST BUILDERS, LLC | CIVIL ACTION |
| VERSUS | NO: 15-1533<br>c/w 16-14118<br>16-15849 |
| HOUSING AUTHORITY OF NEW ORLEANS | SECTION: "J"(4) |

**ORDER AND REASONS**

Before the Court is a *Motion for Leave to File an Amended Witness and Exhibit List* **(Rec. Doc. 323)** filed by Housing Authority of New Orleans ("HANO"). Parkcrest Builders, LLC ("Parkcrest") and Liberty Mutual Insurance Co. ("Liberty Mutual") have filed oppositions to the motion. (Rec. Docs. 340, 342.) Having considered the motion and legal memoranda, the record, and the applicable law, the Court finds that the motion should be **DENIED**.

**FACTS AND PROCEDURAL BACKGROUND**

This matter arises out of a construction contract dispute between Parkcrest, as the original contractor, and HANO, the property owner. Parkcrest contracted with HANO for the construction of the Florida Avenue: New Affordable Housing Units ("the Project"), which remains under construction. The relationship between HANO and Parkcrest deteriorated during the course of the Project and on April 10, 2015, HANO terminated

1

Parkcrest prior to completion. HANO then called upon Liberty Mutual to perform its obligations as surety for Parkcrest. On June 9, 2015, HANO and Liberty Mutual entered into a Takeover Agreement to complete the project. Once the Takeover Agreement was executed, Liberty Mutual retained Parkcrest as its completion contractor and the parties resumed work. However, the Project continued to be plagued by delays and disagreements about their cause. On July 1, 2016, Liberty Mutual, contrary to HANO's position, considered the Project substantially complete and discontinued its insurance and security on the Project. Thus, HANO obtained its own insurance for the Project and on October 4, 2016, entered into a contract with Colmex Construction, LLC ("Colmex") to perform all necessary work to complete the Project. On March 25, 2017, HANO granted a certificate of substantial completion to Colmex. Parkcrest, Liberty Mutual, and HANO continue to dispute who is responsible for the various delays in the construction of the Project.[1]

On June 16, 2017, HANO filed a witness and exhibit list in compliance with this Court's Scheduling Order deadline. (Rec. Doc.

---

[1] Parkcrest instituted this suit against HANO on May 8, 2015, alleging that HANO breached the contract by terminating Parkcrest "for convenience." HANO filed a counterclaim against Parkcrest alleging that delays in the project were attributable solely to Parkcrest. On September 1, 2016, Liberty Mutual intervened in this lawsuit to allege breach of the Takeover Agreement, bad faith breach of contract, and wrongful termination claims against HANO. In response, HANO filed a counterclaim against Liberty Mutual alleging bad faith breach of the Takeover Agreement and fraudulent misrepresentation.

63.) On August 3, 2017, HANO filed the instant motion requesting that this Court grant leave to file an amended witness and exhibit list, so that it may include two additional witnesses and five additional exhibits.[2]

The two witnesses are (1) Representative(s) of Tropical A/C and Heat, LLC ("Tropical A/C"), and (2) Chuck Barbot from Billingsley Barbot Woolf Canale ("Barbot").[3] According to HANO's amended list, Tropical A/C is included "[t]o authenticate documents produced during discovery and to be used as exhibits for HANO, re: replacement of water heaters installed by Parkcrest Builders." (Rec. Doc. 323-4 at 14.) Similarly, Barbot is included "[t]o authenticate documents produced during discovery and to be used as exhibits for HANO, re: HVAC installations." Id. However,

---

[2] Specifically, HANO's proposed amendments include adding the following five (5) exhibits:
   30. Transcripts and Exhibits to all depositions taken in this matter.
   31. Answers to Interrogatories and Responses to Requests for Production in this and all consolidated matters.
   32. Expert Report of J. Brandon English, and addenda.
   33. Email from Michael Stewart to Craig Mangnum, Jack Lenhart and attorneys from Parkcrest and Liberty, sent 5/26/2017, re: "Florida Ave- Work Complete Review", with attached "Florida Ave – Brick Stair and Concrete Step Survey.xlsx", and any other document reviewed by any party's expert witness.
   34. Document titled "Pacing – An Excuse for Concurrent Delay" by Thomas E. Finnegan.
(Rec. Doc. 323-4 at 16.)

[3] HANO does not identify Billingsley Barbot Woolf Canale or how the company is connected with the Project. With regard to Tropical A/C, HANO provides the limited explanation that it is a provider of emergency repair services that HANO procured in response to the alleged defects in Parkcrest's construction. (Rec. Doc. 323-1 at 2.)

3

in its motion for leave, HANO states an additional purpose that the witnesses will serve, which is to provide testimony to the facts "contained in and relating to the documents" that the witnesses would authenticate. (Rec. Doc. 323-1 at 4.) HANO refers to only three such documents: two inspection reports conducted by Tropical A/C on the Property's heating, ventilation, and air conditioning (HVAC) systems[4] and an email exchange in which Barbot discusses the likely cause of odorous water in the Property's water heaters (Rec. Doc. 323-5). According to HANO, this testimony would admittedly relate to latent defects in the HVAC systems and the water heaters that were known to HANO before the filing deadline, but HANO emphasizes that *the extent of the defects* was not known to HANO until June 15, 2017 and was not communicated to its counsel until after the deadline.

Parkcrest and Liberty Mutual object to HANO's motion, arguing that it is well past the Court's August 1, 2017 discovery completion deadline as well as the June 2, 2017 expert report deadline. In addition, HANO waited well over a month to attempt to amend its witness and exhibit list. Thus, Liberty Mutual and Parkcrest contend that permitting HANO's amendments would result

---

[4] HANO failed to provide the Court with the documents it claims Tropical A/C will testify to the facts within and authenticate. Instead, HANO merely mentions that the documents were produced to all parties as Bates No. HANO – 087374 through HANO – 087379. Parkcrest, however, attached a copy of these documents for the Court's consideration. See Rec. Docs. 340-1, 340-2.

4

in unfair prejudice to them. (Rec. Docs. 340, 342.) Liberty Mutual and Parkcrest also claim that HANO is attempting to admit unreported opinion testimony from these witnesses concealed as mere fact or authentication testimony. The motion is now before the Court on the briefs.

## DISCUSSION

Federal Rule of Civil Procedure 16(b)(4) provides that a scheduling order may be modified "only for good cause and with the judge's consent." The scheduling order in this case states:

> Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who may or will be called to testify on trial, and all exhibits that may or will be used, not later than June 16, 2017.
>
> The Court will not permit any witness, expert or fact, to testify or exhibits to be used unless there has been compliance with this Order as it pertains to the witness.

(Rec. Doc. 63.) To determine whether good cause exists, the Court considers: (1) the explanation for the failure to timely act; (2) the importance of the evidence; (3) the potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *S&W Enterprises, L.L.C. v. Southtrust Bank of Alabama, NA,* 315 F.3d 533, 536 (5th Cir. 2003) (citing Fed. R.

Civ. P. 16(b)). None of the four factors is dispositive; rather, the focus is on whether the factors collectively favor admission or exclusion of the evidence. The Court has broad discretion to preserve the integrity of its scheduling order when a party has failed to show good cause for a tardy submission. *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003).

(1) **The Explanation for the Failure to Timely Act**

Concerning the first factor, HANO claims that one of its attorneys, who conducted the vast amount of the discovery in this matter, had an unexpected family emergency and was unavailable on June 15, 2017. According to HANO, this left the rest of the attorneys representing HANO without the resources to include the proposed amendments. While the Court sympathizes with counsel's family emergency, it does not explain why the <u>five</u> other attorneys listed as counsel of record for HANO could not have adequately and timely provided their client's witness and exhibit list.

HANO also argues that "the extent of Tropical A/C's involvement in identifying latent defects was unknown until June 2017." HANO vaguely explains that "the extent of the defects" was realized when it was discovered that "undersized HVAC ductwork [was] installed by Parkcrest in every building." HANO admits that it knew the identity of the witnesses and the existence of the defects prior to the deadline for witness and exhibit lists.

6

However, HANO provides little to no explanation as to why the "extent of the defects" was not known until after the deadline. The emails and inspection reports are all dated prior to the deadline.[5] HANO does not clearly state how and when its counsel eventually came to realize "the extent of the defects,"[6] and no explanation has been given as to why these documents or "the extent of the defects" were not timely "communicated" to HANO's counsel.

The Court finds HANO's explanations unpersuasive and fail to explain why HANO made no attempt to supplement its list during the entire month of July when it admittedly knew about "the extent of the defects" in June 2017. Furthermore, with respect to the latent defects of the water heaters, HANO fails to articulate <u>any</u> new information it obtained that revealed a previously unknown "extent of the defect." Therefore, the Court finds that the first factor weighs against HANO.

### (2) **The Importance of the Evidence**

HANO contends that the additional witnesses are necessary to authenticate the documents that were produced during discovery and to testify to facts relating to those documents. As to the

---

[5] The Barbot email exchange regarding the water heaters was forwarded to a HANO representative on March 9, 2017. (Rec. Doc. 323-5.) The first Tropical A/C inspection report is dated May 11, 2017. (Rec. Doc. 340-1.) The second Tropical A/C inspection report is dated June 1, 2017. (Rec. Doc. 340-2.)

[6] HANO merely states in a footnote that "the extent of the defects was not communicated to counsel until recently." (Rec. Doc. 323-2 at 2 n.4).

authentication argument, HANO ignores the fact that Barbot is not necessary to authenticate the email exchange.[7] "With respect to [the authentication of] e-mails, courts consider the testimony of the sender or recipients of e-mail, the e-mail addresses, the context and content of the e-mail, and signature blocks or nicknames used in an e-mail." *Streat v. Hammond*, 07- 1882, 2009 WL 10678838, at *3 (N.D. Tex. Oct. 26, 2009) (citing *United States v. Siddiqui,* 235 F.3d 1318 (11th Cir. 2000)). The Barbot email was originally sent to a Colmex representative before it was forwarded to HANO representatives. (Rec. Doc. 323-5.) HANO had previously listed representatives from Colmex and HANO in its original witness and exhibit list. (Rec. Doc. 220). As recipients of the document in question, these representatives could authenticate the email without the need of an additional witness.

---

[7] Under Federal Rule of Evidence 901(a), documents must be properly authenticated as a condition precedent to their admissibility "by evidence sufficient to support a finding that the matter in question is what its proponent claims." The standard for authentication is not a burdensome one. *Int'l Marine, L.L.C. v. Delta Towing, L.L.C.*, 10-0044, 2011 WL 890680, at *4 (E.D. La. Mar. 11, 2011). A document may be authenticated by "testimony of a witness with knowledge" that "a matter is what it is claimed to be," or through "[a]ppearance, contents, substance, internal patterns, or other distinctive characteristics, taken in conjunction with circumstances." Fed. R. Evid. 901(b)(1) and (4). The Fifth Circuit "does not require conclusive proof of authenticity before allowing the admission of disputed evidence . . . . Rule 901 does not limit the type of evidence allowed to authenticate a document. It merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be." *Id*. (quoting *United States v. Jimenez Lopez,* 873 F.2d 769, 772 (5th Cir. 1989)).

Thus, the testimony of Barbot is unimportant for authenticity purposes.

For the same reason, Tropical A/C representatives are not necessary to authenticate the June 1, 2017 inspection report because it was received by multiple Colmex representatives. (Rec. Doc. 340-2.) However, the May 11, 2017 Tropical A/C inspection report is not addressed to anyone in particular and does not appear on its face to be able to be authenticated by anyone other than the Tropical A/C representative who created it. (Rec. Doc. 340-1.)[8]

HANO's second argument for adding Barbot and Tropical A/C representative(s) is that their testimony to the facts relating to the documents is so important that without it, "HANO may not be able to prove the extent of damages it suffered due to latent defects from Parkcrest's work, specifically relating to HVAC and water heaters." (Rec. Doc. 323-1 at 4.) The witness and exhibit list deadline was June 16, 2017, yet HANO failed to move to amend its list until August 3, 2017. A delay of over a month in amending its list is extensive and suggests that the testimony is not as

---

[8] It is worth noting that at the pretrial conference held before this Court on August 17, 2017, the Court rejected the proposed pretrial order and strongly suggested that the parties cut down the excessive number of witnesses, especially those named merely for the authentication of documents when many of the same witnesses could satisfy that objective and the parties could stipulate to authenticity. (Rec. Doc. 361.).

9

important as HANO claims. Even assuming that the testimony is significant to HANO's case, it exemplifies why compliance with the Court's deadlines is necessary. Furthermore, although not ideal, HANO's inability to prove the full extent of damages relating to two of its many alleged defects is hardly fatal to HANO's entire case. The Court finds the second factor weighs against HANO.

**(3)** **<u>Potential Prejudice In Allowing the Late Filing</u>**

Parkcrest and Liberty Mutual contend that the authentication argument is a pretext to introduce unreported expert testimony at trial which would be highly prejudicial to them. Under Federal Rule of Evidence 701, a lay witness may not testify to an opinion based on "scientific, technical, or other specialized knowledge." HANO has not identified Barbot or any Tropical A/C representative as an expert witness. Therefore, these witnesses may only testify to an opinion that is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Court agrees that the documents identified by HANO contain a fair amount of opinion and recommendations with respect to technical or specialized knowledge concerning HVAC installations and water heaters. As such, unfair prejudice would result if these witnesses were allowed to offer

10

their opinion testimony at trial when the other parties had no opportunity to procure opposing expert opinions.

However, even if the Court were to limit the witnesses to factual observations, the parties would still be prejudiced. The discovery deadlines have long since passed and the new trial date is imminently approaching. In *Cruz v. City of Hammond*, a court in this district stated:

> Deadlines are in place to provide the parties and the Court with some measure of predictability. It would have been reasonable for the defendant to focus its discovery efforts on only those witnesses it intended to call and for those it had been notified that the plaintiff would call. To now allow the plaintiff to call at trial witnesses who were only identified well-after the deadline to issue written discovery requests and only days leading up to the actual discovery and deposition deadline would be unfair, prejudicial, and not in the interests of justice.

09-6304, 2015 WL 1467952, at *3 (E.D. La. Mar. 30, 2015). Here, with the manner in which the parties aggressively pursued discovery in mind, the Court finds that permitting these witnesses to testify at trial at this late stage would be prejudicial and weighs heavily against good cause.

11

### (4) Opportunity for Continuance

Although trial has since been continued to February 18, 2018, the Court expressly ordered that no other pretrial deadlines would be extended. <u>See</u> Rec. Doc. 361. As such, the discovery deadline of August 1, 2017, *inter alia*, remains in place and the continuance does not adequately cure the prejudice. In conclusion, the Court finds that HANO has not shown good cause for allowing these untimely witnesses to testify.

Furthermore, HANO's proposed remedial amendments such as a change of address for a witness and the addition of names of representatives for corporate witnesses that were previously identified in HANO's original witness list can all easily be accomplished in the Pretrial Order. Therefore, they do not necessitate an amendment to HANO's witness list.

Additionally, HANO argues that the five proposed exhibits contain documents that were reviewed by "the expert witnesses to write their reports." HANO provides no other details or analysis to show good cause as to why these exhibits should be included. Parkcrest has no objection to the inclusion of these exhibits, however, Liberty Mutual argues that their inclusion would prejudice the parties because they expended extensive effort to complete discovery by August 1, 2017, without any indication from HANO that these documents would be added as exhibits for trial.

The Court finds that HANO has not shown good cause for amending their exhibit list, therefore, they are excluded.

Accordingly,

**IT IS HEREBY ORDERED** that HANO's *Motion for Leave to File Amended Witness and Exhibit List* **(Rec. Doc. 323)** is **DENIED**.

New Orleans, Louisiana, this 21st day of December, 2017.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE