UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARKCREST BUILDERS, LLC | CIVIL ACTION |
| VERSUS | NO: 15-1533<br>c/w 16-14118<br>     16-15849 |
| THE HOUSING AUTHORITY OF<br>NEW ORLEANS | SECTION: "J"(4) |

## ORDER AND REASONS

Before the Court is a *Motion to Stay Execution of Judgment Pending Appeal Without Posting Supersedeas Bond* **(Rec. Doc. 548)** submitted by the Housing Authority of New Orleans ("HANO"). Liberty Mutual Insurance Company ("Liberty"), to whom this Court granted judgment in favor of, has filed its opposition. (Rec. Doc. 551). Having considered the motions and legal memoranda, the record, and the applicable law, the Court finds that the Motion should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

This Court ordered judgment in favor of Liberty, granting it $437,851.60, plus reasonable attorney's fees. (Rec. Doc. 541). HANO motioned this Court to reconsider its decision to award attorney's fees and motioned for a stay of execution of the judgment pending reconsideration. The Court denied both motions. (Rec. Docs. 545, 542). HANO then filed this Motion, for which it also asked for expedited

1

consideration. The Court granted expedited consideration and Liberty filed an opposition. HANO then filed its reply.

## PARTIES' ARGUMENTS

### I. HANO'S ARGUMENTS IN SUPPORT

In its Motion, HANO asks that execution of the Court's judgment and enforcement proceedings be stayed, pending disposition of its appeal, "and further, that HANO shall be exempt from posting a supersedeas bond or providing other security to suspend execution of the Judgment." (Rec. Doc. 548 at 2). HANO argues that although the general rule provided by Fed. R. Civ. P. 62(d) is that parties can obtain a stay of judgment by posting a supersedeas bond, HANO is exempt from that requirement by virtue of it being a state entity. HANO depends primarily on Rule 62(f), which provides: "If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."

HANO argues that "in Louisiana, a judgment is a lien on the judgment debtor's property for the purposes of invoking the stay under Rule 62(f)." (Rec. Doc. 548-1 at 2) (internal marks and citation omitted). Furthermore, Louisiana law exempts the state and its political subdivisions from the need to post bond, see La. Stat. Ann. § 13:4581, and HANO is a subdivision of the state. Thus, because Liberty could potentially seize or encumber HANO's property, deference should be given to the state legislature's decision to allow HANO to stay execution without it posting bond.

Alternatively, HANO argues that La. Code. Civ. Proc. art. 2252 grants an automatic stay for thirty days from disposition of a motion for a new trial—during which a party is allowed to seek suspensive appeal. HANO also argues that it is exempt under Fed. R. Civ. P. 62(e), which provides: "The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government." HANO argues that it was directed by HUD to appeal, and therefore this Court may not impose bond. (Rec. Doc. 548-1 at 8). Finally, HANO argues that it should waive the bond requirement under the Court's discretion, because the bond requirement places a hardship on HANO.

## II.   LIBERTY'S OPPOSITION

Liberty counters that Rule 62(f) requires a movant to show that (1) the judgment acts as a lien on the judgment debtor's property *and* (2) the judgment debtor has the ability and intent to pay the judgment. (Rec. Doc. 551 at 2). Regarding the first prong, HANO's argument allegedly fails because the Louisiana Constitution explicitly states that, "No judgment against the state, a state agency, or a political subdivision shall be eligible, payable, or paid except from funds appropriated by the legislature or by the political subdivision against which the judgment is rendered." La. Const. Ann. art. XII, § 10(C). Thus, there is no automatic lien and Rule 62(f) is inapplicable, Liberty argues. Moreover, Liberty complains that HANO must still prove that it is sufficiently solvent to satisfy the judgment, and HANO indicates in its own briefing that it is not capable of paying. Therefore, Liberty argues this Court

3

should decline to waive the bond as the risk to Liberty of not-collecting on its judgment is readily apparent. Finally, Liberty asserts that Rule 62(e) is inapplicable, as it applies to the subdivisions of the United States, and not Louisiana. (Rec. Doc. 551 at 10).

**STANDARD OF LAW AND DISCUSSION**

The federal rules allow a judgment debtor to obtain a stay of execution pending appeal by posting a supersedeas bond. Fed. R. Civ. P. 62(d) ("The stay takes effect when the court approves the bond."). "The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting and Refining Co., Inc. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). In other words, the bond requirement balances the appealing party's risk that restitution may be impossible after reversal with the prevailing party's risk of loss for being "forced to forgo execution on a judgment during the course of an ineffectual appeal." *Id.* Nevertheless, the bond may be lowered or even waived according to the Court's discretion or if one of Rule 62's enumerated exceptions applies.

I. THE COURT'S LIMITED DISCRETION TO DEPART FROM RULE 62(D)'S BOND REQUIREMENT

When a party seeks appeal, rather than consideration of a post-trial motion under Rule 62(b), the court enjoys only limited discretion in staying its judgment. That is so because, Rule 62(d) explicitly refers to a supersedeas bond as the means to stay judgment pending appeal. Fed. R. Civ. P. 62(d). A "supersedeas bond is a

4

privilege extended to the judgment debtor" and if a party wishes to stay without posting bond, it bears the burden to objectively demonstrate why the Court should depart from the traditional rule. *Id.* The Fifth Circuit has acknowledged that the bond requirement might be substituted for some other form of security in cases where it would either be (1) very easy for the judgment debtor to pay after appeal or (2) the judgment debtor would suffer undue financial burden by being forced to post a full bond. *Id.* In either case, it is required that the judgment debtor "furnish equal protection to the judgment creditor" through a bond alternative. *Id.* Courts will also sometimes consider additional factors, such as the complexity of collection, the amount of time required to obtain a judgment after it is affirmed on appeal and whether the defendant's position is so precarious that requiring bond would place other creditors in an insecure position. *Greater New Orleans Fair Hous. Action Ctr. v. St. Bernard Par.*, No. CIV.A. 06-7185, 2013 WL 5525691, at *1 (E.D. La. Oct. 4, 2013), *Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, No. CIV. A. 96-4023, 1998 WL 43140, at *2 (E.D. La. Feb. 3, 1998).

HANO argues that while it has a large annual budget, its funds have already been allocated this year, and if the Court does not waive the bond "it would require HANO to take funds away from persons, including other creditors, to whom funds have already been allocated." (Rec. Doc. 548-1). These facts could possibly amount to an "undue financial burden" sufficient for this Court to substitute an alternative form of security. *See Poplar Grove*, 600 F.2d at 1191. However, HANO provides no such

alternative and does little in the way to assure the Court that it will be able and willing to pay the judgment upon resolution of appeal.

In support of a discretionary waiver, HANO cites to a decision from this district. *See Greater New Orleans*, 2013 WL 5525691, at *1. In that case the court waived supersedeas bond because it was assured that the defendant parish could pay judgments on appeal given the evidence of "insurance coverage and a positive balance in unrestricted revenue." *Id.* HANO by contrast, does not claim any insurance coverage and readily admits that its "unrestricted funds have already been allocated." (Rec. Doc. 548-1 at 9). Moreover, there is no statutorily created fund from which judgment creditors regularly receive compensation, see *Castillo v. Montelepre, Inc.*, 999 F.2d 931, 942 (5th Cir. 1993); nor has HANO has suggested the Court place "an appropriate restraint on [HANO's] financial dealings which would furnish equal protection to the judgment creditor." *Poplar Grove*, 600 F.2d at 1191. (citing *Trans World Airlines, Inc. v. Hughes*, 314 F. Supp. 94, 95 (S.D.N.Y. 1970)). Even assuming that a bond would place great hardship on HANO, this Court still only has discretion under Rule 62(d) to waive bond if HANO is able to "establish some type of positive protection of the judgment creditor's rights." *Id.* The Court must be assured that HANO will be able to pay the judgment at the resolution of appeal by something more than "the operation of Louisiana law." *See* (Rec. Doc. 548-1 at 10).

## II. APPLICATION OF THE RULE 62(e) EXCEPTION

Besides for the limited discretion district courts enjoy to waive or lower the bond amount, Rule 62 provides several exceptions to the supersedeas bond

6

requirement. First of all, a court cannot impose bond on the United States, its officers, or its agencies. Fed. R. Civ. P. 62(e). HANO's argument that it is exempted by this exception can be summarily dismissed.

Rule 62(e) provides:

**(e) Stay Without Bond on an Appeal by the United States, Its Officers, or Its Agencies**. The court must not require a bond, obligation, or other security from the appellant when granting a stay on an appeal by the United States, its officers, or its agencies or on an appeal directed by a department of the federal government.

Although HANO admits it is not an agency of the United States, HANO's General Counsel avers that the Department of Housing and Urban Development *directed* HANO to seek appeal. Thus, HANO argues this "[C]ourt must not require a bond . . . when granting a stay . . . on an appeal directed by [HUD]." Fed. R. Civ. P. 62(e). Although Rule 62(e) plainly applies to the United States and its agencies, HANO complains that case law explaining the exception's scope is lacking. Nevertheless, it does provide an unpublished memorandum and order from a Missouri district court, *Fletcher v. Tomlinson*, No. 4:14-CV-999-RLW (E.D. Mo., October 3, 2016). In that case it appears the court was deciding whether to grant a stay pending resolution of post-trial motions under Rule 62(b) and it clearly acknowledged that Rule 62(e) does *not* apply to state entities, although it found its rationale instructive. *Id.* Moreover, other courts have reiterated what should be clear: the exception is limited to the United States and its agencies. *See, e.g., Mactec, Inc. v. Bechtel Jacobs Co.*, LLC, 3:05-CV-340, 2008 WL 2713709, at *1 (E.D. Tenn. July 10, 2008).

7

### III.    APPLICATION OF THE RULE 62(f) EXCEPTION

While state agencies cannot take advantage of Rule 62(e), they may potentially take advantage of Rule 62(f), which provides:

> **(f) Stay in Favor of a Judgment Debtor Under State Law.** If a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give.

Thus, for Rule 62(f) to apply, judgment debtors must show that (1) a judgment results in a lien and (2) the judgment creditor would be entitled to a lien under state law. *Wykle v. City of New Orleans*, No. CIV.A. 96-1369, 1997 WL 266615, at *1 (E.D. La. May 20, 1997). Courts have found that "a judgment is a lien if a judgment creditor is only required to perform mere 'ministerial acts' to transform the judgment into a lien." *MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 303 (5th Cir. 2014) (per curiam) (collecting cases).

The Fifth Circuit neatly explained the reasoning underlying the subsection (f) exception in *Castillo v. Montelepre, Inc.*:

> The obvious purpose behind this rule is to allow appealing judgment debtors to receive in the federal forum what they would otherwise receive in their state forum. This purpose, however, is qualified by the requirement that the state forum treat judgments as a lien, or encumbrance, on the property of judgment debtors. The purpose behind this requirement is also plain: judgment creditors must be afforded security while judgment debtors appeal.

999 F.2d 931, 942. In other words, Rule 62 attempts to balance the interests of judgment debtors with those of the judgment creditors, but subsection (f) requires the interests of the state legislature also be considered in this balance of interests. *See*

8

*id.* (reasoning that, in a diversity action, "great deference must be given to . . . the Louisiana legislature").[1]

In a typical case a judgment in Louisiana is made a lien by mere ministerial acts and therefore any Louisiana law allowing stay without bond—including La. Stat. Ann. § 13:4581, relieving the state and its agencies from bond requirements[2]—is applicable to the federal courts. *See MM Steel, L.P. v. JSW Steel (USA) Inc.*, 771 F.3d 301, 304 (5th Cir. 2014). Judgments have the effect of liens in Louisiana because:

> [T]he filing of a judgment with the recorder of mortgages creates a "judicial mortgage." La. Civ. Code art. 3300. A judicial mortgage is established by law to secure a judgment. *Id.* art. 3284. A judicial mortgage secures a judgment for the payment of money. *Id.* art. 3299. Once filed, the judicial mortgage "burdens" all property of the judgment debtor that is susceptible of mortgage by paragraphs (1) through (4) of Louisiana Civil Code Article 3286. *Id.* art. 3302. The property interests referenced in those paragraphs deal strictly with immovable or real property type interests. *See Id.* art. 3286. Thus, movable or personal property interests, including monies, are not subject to a judicial mortgage.

*Castillo*, 999 F.2d at 942. In *Castillo*, the Fifth Circuit was considering an appeal by the Patient's Compensation Fund (the "Fund"), the entity established by Louisiana's Medical Malpractice Act to pay judgments against health care providers in excess of

---

[1] Rule 62(f) envisions a situation where the judgment creditor, by virtue of operation of state law, has a lien on his debtor's property. With a lien on his debtor's property, the judgment creditor obviously enjoys more security than a typical creditor. Thus, if the judgment would be stayed without bond—also per an enactment by the state legislature—then the judgment creditor must be satisfied with knowledge that he enjoys the security of a lien.

[2] "The state, state agencies, political subdivisions, parish, and municipal boards or commissions exercising public power and functions, sheriffs, sheriffs' departments, and law enforcement districts, the Louisiana Insurance Guaranty Association, the Louisiana Citizens Property Insurance Corporation, and the Patient's Compensation Fund, or any officer or employee thereof, shall not be required to furnish any appeal bond or any other bond in any judicial proceedings instituted by or brought against them, that arise from activities within the scope and course of their duties and employment." La. Stat. Ann. § 13:4581.

a statutory maximum. *Id.* at 934. The Fund's only property was money to pay judgments. Because the Fund did not own any real property to which a judicial mortgage could attach, the Court was "convinced that the judgment against the Fund [was] not a lien." *Id.* at 942. Nevertheless, the Fifth Circuit found Rule 62(f) applicable, because the "Medical Malpractice Act provides sufficient security to judgment creditors so as to satisfy the purpose behind Rule 62(f)." *Id.* The Fifth Circuit noted that the Fund satisfied judgments semi-annually, pro-rated unsatisfied judgments, and paid any remaining balance in the following semi-annual periods. *Id.* The Court was therefore assured that the "judgment creditors [were] able to recover their judgments." *Id.*

HANO, unlike the Fund, does own real property. However, Liberty argues that "recording the present judgment against HANO does not automatically create a lien under Louisiana law because HANO is a political subdivision of the state." (Rec. Doc. 551 at 3). As HANO is subdivision of the state, Liberty cannot have HANO's property seized and sold to satisfy the judgment. *See* La. Const. Ann. art. XII, § 10 ("[N]o public property or public funds shall be subject to seizure. . . . No judgment against the state, a state agency, or a political subdivision shall be exigible, payable, or paid except from funds appropriated therefor by the legislature or by the political subdivision against which the judgment is rendered."). Considering this bar to seizure, courts in this district have tended to find that Rule 62(f) does not apply to judgments against subdivisions of the state as a matter of course, but have instead asked whether the judgment creditor is adequately protected in an analysis similar to a typical Rule

62(d) inquiry. *See, e.g.*, *Wykle v. City of New Orleans*, No. CIV.A. 96-1369, 1997 WL 266615, at *4 (E.D. La. May 20, 1997) (denying stay without bond on the grounds that the City of New Orleans had failed show sufficient financial hardship or debtor protection), *Burge v. St. Tammany Par. Sheriff's Off.*, No. CIV. A. 91-2321, 2001 WL 1104640, at *2 (E.D. La. Sept. 19, 2001) (granting stay without bond upon finding the sheriff had present financial ability to pay money judgment), *Howell v. Town of Ball*, No. 1:12-CV-00951, 2017 WL 6210869, at *6 (W.D. La. Dec. 7, 2017) (denying stay without bond upon finding the Town of Ball had indicated financial hardship, but had failed to demonstrate that the judgment creditor would be adequately protected without a supersedeas bond).[3]

Before engaging in that type of analysis the Court finds it must first determine what a judicial mortgage in Louisiana against a subdivision of the state actually constitutes, if it exists at all. HANO suggests that while Liberty might not be able to seize HANO property, Liberty still has a judicial mortgage and Liberty benefits from a judicial mortgage's other features. In addition to a right to seizure and sale, a mortgagor benefits from the fact that the "mortgaged property may not be transferred

---

[3] HANO asserts that these decisions by other sections of this Court, beginning with *Wykle v. City of New Orleans*, are "wrong," "bad law" and are in defiance of the Fifth Circuit's decision in *Castillo*. The Court cannot agree. Rather, as the Second Circuit has recognized, this Court believes that *Wykle*, is an attempt to follow the more flexible approach that the Fifth Circuit adopted in *Castillo*, where it applied Rule 62(f) in situation where it was not strictly applicable, because it found that the judgment debtor was adequately protected. *F.D.I.C. v. Ann-High Associates*, 97-6095, 1997 WL 1877195, at *3 (2d Cir. Dec. 2, 1997). Depending on *Castillo* and *Wykle*, the Second Circuit established a third element for Rule 62(f), requiring movants to prove "that the circumstances are such that the judgment creditor can readily establish a lien that will be adequate to secure the judgment." *See id.* Although, this Court finds these other decisions to be well reasoned and in line with Fifth Circuit precedents, the Court does not depend on them to resolve this case.

11

or encumbered to the prejudice of the mortgage" and the "mortgagee is preferred to the unsecured creditors of the mortgagor and to others whose rights become effective after the mortgage becomes effective as to them." La. Civ. Code. art. 3307. Thus, HANO argues that, "[f]or Liberty to suggest that it does not have a lien or judicial mortgage, merely because it cannot immediately seize and sell HANO's property, is disingenuous on Liberty's part, and a misstatement of law." (Rec. Doc. 556-2 at 4).

The Court disagrees. In *Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc.*, 943 So. 2d 1037, 1046 (La. 2006), a state hospital sought a writ of mandamus to have certain judicial mortgages erased from the mortgage records. The Louisiana Supreme Court found that relief was unnecessary, because "the recordation of judgments rendered against the State and/or its political subdivisions does not create judicial mortgages on the property of the State and/or its political subdivisions." *Id.* (citing La. Const. Ann. art. XII, § 10). As a result, the "recorded judgments do not serve to secure the payment of same." *See id.* at 1047.

More to the point however, HANO itself has successfully asked a state court to erase judicial mortgages from the parish mortgage records. *Hous. Auth. of New Orleans v. Charbonnet*, 802 So. 2d 956, 959 (La. App. 4th Cir. 2001). In *Housing Authority of New Orleans v. Charbonnet*, the Louisiana Fourth Circuit considered article XII, but also several statutory provisions that apply specifically to local housing authorities. Notably, La. Stat. Ann. § 40:405, provides:

> Except to the extent a local housing authority or its subsidiaries may otherwise expressly agree, all real and personal property of a local housing authority and its subsidiaries shall be exempt from execution,

12

levy, and sale for the payment of debt or otherwise pursuant to any judicial or other process.

In examining this provision in the context of its legislative history, the court found that there was no intent by the legislature to "thwart privatization efforts by encumbering the property of a local housing authority." *Charbonnet*, 802 So. 2d at 959. Thus, the court found that it was proper to erase the judicial mortgages from the parish records. *Id.*

Given these state law precedents, Liberty cannot be said to enjoy a judicial mortgage or lien over HANO's property under state law. Therefore, one of the two requirements for Rule 62(f) is not met and the exception is not applicable.[4] Nonetheless, the Court could waive HANO's bond, if HANO were able to convince the Court that the "judgment creditors are able to recover on their judgments." *Castillo*, 999 F.2d at 942. The Court is not insensitive to HANO's argument that it would need to reallocate public monies away from public housing projects and from paying the debts of other creditors. HANO may refile its motion, if it includes evidence that HANO will be able and willing to pay the judgment upon resolution of appeal.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that HANO's *Motion to Stay Execution of Judgment Pending Appeal Without Posting Supersedeas Bond* **(Rec. Doc. 548)** is **DENIED without prejudice**.

---

[4] Because the Court finds that the lien requirement of Rule 62(f) is not met, HANO's claim that it is entitled to a stay under La. Code Civ. Proc. art. 2252 is also unavailing.

New Orleans, Louisiana, this 7th day of August.

                                                                                    CARL J. BARBIER
                                                                                    UNITED STATES DISTRICT JUDGE