UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:**   15-01533 c/w |
| | 16-14118 |
| | 16-15849 |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

### REPORT AND RECOMMENDATION

Before the Court is **Liberty Mutual Insurance Company's Motion to Set Attorneys' Fees (R. Doc. 489)** seeking the Court award set an award of attorneys' fees in the amount of $14,251.50 against HANO stemming from HANO's failure to comply with the Court's January 4, 2018 Order. HANO opposes Liberty's motion. R. Doc. 496. The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 73.3 for the submission of Proposed Findings and Recommendations.

### I.  Factual Summary

This matter arises out of a construction contract dispute between Parkcrest, as the original contractor, and HANO, the property owner. Parkcrest contracted with HANO for the construction of the Florida Avenue: New Affordable Housing Units ("the Project").  The relationship between HANO and Parkcrest deteriorated during the course of the Project and, on April 10, 2015, HANO terminated Parkcrest prior to completion. HANO then sought Liberty Mutual to perform its obligations as surety for Parkcrest. On June 9, 2015, HANO and Liberty Mutual entered into a Takeover Agreement to complete the Project. Once the Takeover Agreement was executed, Liberty Mutual retained Parkcrest as its completion contractor and the parties resumed work. However, the Project continued to be plagued by delays and disagreements about their cause. As a result, Parkcrest initiated this suit in the Eastern District on May 8, 2015. R. Doc. 1.

On June 16, 2017, HANO filed a witness and exhibit list in compliance with this Court's Scheduling Order deadline. R. Doc. 220. On August 17, 2017, parties participated in a pretrial conference. R. Doc. 361. Due to the volume of exhibits, the District Judge referred the matter to the undersigned to secure assistance with narrowing the volume of exhibits. *See id.* In connection with the exhibit marshalling conference, the undersigned issued an Order (R. Doc. 411) requiring HANO to:

1.) Reduce the newly added 3,300 exhibits, which were largely photographs, to 10%, or 330 exhibits, and include them in the joint proposed pre-trial order; and

2.) Exclude from the joint pretrial order 630 newly added document exhibits that are not field reports.

R. Doc. 411.

Rather than comply with the Order, HANO reduced the number of exhibits to 1,733 photographs and documents to 102 non-field reports.[1] As a result, Liberty and Parkcrest filed a motion for sanctions for violations of the Order. R. Doc. 420. The District Judge granted the motion. R. Doc. 429. The determination of reasonable attorneys' fees was referred to the undersigned. R. Doc. 536. Parkcrest and Liberty complied with the Court's instruction and filed the subject motions seeking the award of reasonable fees. R. Docs. 489 & 493.

Liberty seeks an award of $14,251.50 in attorneys' fees from HANO because HANO's noncompliance with the underlying Order resulted in tremendous work by its counsel, which took time away from the preparation of its own claims and defenses, during the pretrial phase of the case. R. Doc. 489-1.

---

[1] HANO, while not complying with the Order, filed an objection seeking a review of the undersigned's Order seeking an order reversing the ninety-percent exhibit reduction order. *See* R. Doc. 416.

## II.     Standard of Review

Federal Rule of Civil Procedure ("Rule") 16(f) provides "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. Pro. 16(f)(1)(C). Rule 16(f) also provides "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule. Fed. R. Civ. Pro. 16(f)(2).

Generally, "in cases sitting in diversity jurisdiction, as is the case in the instant matter, state law governs the substantive questions of the award and reasonableness of attorney's fees." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2016 WL 1161277, at *2 (E.D. La. Mar. 24, 2016) (citing *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). However, "as the instant motion relates to an award of sanctions, in the form of attorney's fees pursuant to Federal Rule[s] of Civil Procedure" 16 and 37, federal law governs the imposition of fees. *Omega Hosp.*, 2016 WL 1161277, at *2.

Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the federal standard. *Id.* (citing *Southern U.S. Trade Ass'n v. Guddh*, No. 10–1669, 2013 WL 1789515 at *2, n. 2 (E.D. La. Apr. 26, 2013) (applying the federal standard in a diversity matter because attorney's fees were related to a motion for sanctions pursuant to Federal Rule of Civil Procedure 37)).

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* Once the lodestar has been determined, the district court must

3

consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[2] Subsequently, if the *Johnson* factors warrant an adjustment, the court may make modifications upward or downward to the *Lodestar*. *Id.* However, the *Lodestar* is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

### III. Analysis

Liberty seeks an award of $14,251.50. R. Doc. 489. Liberty contends that the reason for its request stems from HANO's failure to comply with the Court's earlier Order, which caused tremendous additional amounts of work for Liberty to include multiple all-day exhibit-marshalling conferences. R. Doc. 489-1, p. 8. The non-compliance also resulted in multiple reviews of non-compliant exhibit lists and subsequently the drafting of the Joint Cross Motion for Sanctions Under Federal Rule of Civil Procedure 16(f). *Id.*; *see also* R. Doc. 420.

HANO contends that Liberty relys upon artificial misrepresentations resulting in inflated fees and costs. R. Doc. 496, p. 1. HANO acknowledges that it added exhibits to its list in the fall of 2017, but contends it believed in good faith that it should do so in continuing to prepare the case for trial. R. Doc. 496, p. 2. HANO acknowledges, while it was sanctioned for noncompliance with

---

[2] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

the undersigned's Order, the imposition of attorney's fees was limited to the additional time and expense incurred by Liberty's client relating only to HANO's violation of the January 4, 2018 Order. R. Doc. 496, p. 4. Additionally, HANO contends that Liberty spent unreasonable amounts of time and failed to exercise billing judgment. HANO further contends, as Liberty's fee can only relate to the violation of the Court's January 4, 2018 Order, Liberty's fees are limited the circulation of HANO's final exhibit list on January 13, 2018. R. Doc. 496, p. 6-7.

### A. *Reasonable Hourly Rate*

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, Liberty has requested hourly rates for three attorneys, of the law firm Krebs Farley, PLLC, who worked on behalf of Liberty and participated in the exhibit marshalling conference in this matter. R. Doc. 489-1, p. 11. Those attorneys include David Krebs, managing partner with thirty-five (35) years of legal experience; Craig Mangum, partner with nine (9) years of legal experience, and Cassandra Hewlings, and associate with seven (7) years of legal experience and

who specifically worked on streamlining the exhibits. *Id.* Each of these lawyers, according to Liberty, is experienced in representing sureties in complex litigation relating to construction disputes. *Id.*

Liberty contends that both Krebs's and Mangum's reasonable hourly rate is $225/hour and Hewlings's hourly rate is $185/hour. R. Doc. 489-1, p. 12. Liberty contends that the rates are reasonable because this Court has long-determined that the top rate for partner-level attorneys in the New Orleans area was between $400 and $450. *See, e.g., Oreck Direct, LLC v. Dyson, Inc.*, No. CIV.A. 07-2744, 2009 WL 1649503, at *4 (E.D. La. June 8, 2009) (finding, in New Orleans local legal market, that the top rate for partner-level attorneys is between $400 and $450 per hour); *DirecTV, LLC v. Ertem*, No. CIV.A. 13-487, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (finding hourly rates of $350/hour for partners and $250/hour for associates reasonable).

HANO concedes that Krebs's rate of $225/hour is reasonable. R. Doc. 496, p. 5. As HANO does not contest the rate, Krebs's rate is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) ("if the hourly rate is not opposed, then it is *prima facie* reasonable") (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

HANO, however, avers that Hewlings's and Mangum's rates, given their years of experience, is too high. *Id.* HANO contends that Mangum rate of $225 is excessive for a lawyer with only nine years of experience and that his proper rate is $175/hour. *Id.* HANO also contends that Hewlings's rate of $185 is excessive and should likewise be reduced to $175/hour. *Id.*

The Court, here, finds a rate of $185/hour is reasonable for Hewlings as an attorney with seven years of experience. *See Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, No. CIV.A. 09-3822, 2010 WL 2773208, at *6 (E.D. La. July 13, 2010) (finding $180/hour a

6

reasonable rate for an attorney five years of experience); *see also Marks v. Standard Fire Ins. Co.*, No. CIV.A 09-1947, 2010 WL 487403, at *2 (E.D. La. Feb. 3, 2010) (finding a rate of $185.00/hour appropriate and reasonable for an attorney with seven years of experience). The Court also finds, in light of Mangum's nine experience that $225/hour is not reasonable, and further finds an hourly rate of $200/hour is more appropriate and reasonable. *See Yelton v. PHI Inc.*, No. CIV.A. 09-04182, 2012 WL 3441826, at *5 (E.D. La. Aug. 14, 2012) (finding billable hourly rate is $195 reasonable for an attorney in complex commercial litigation who had eight years of experience). Therefore, the Court finds the reasonable rates for Liberty's attorneys are $225/hour for Krebs, $200/hour for Mangum, and $185/hour for Hewlings.

### B. *Hours Reasonably Spent on Litigation*

Next, the Court must determine the reasonable time expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all-time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id*. at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational*

7

*Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other grounds by Burlington Northern and Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006).

Liberty requests a total of 12.9 hours for Krebs's work, 16.3 hours for Mangum's work, and 41.4 hours for Hewlings's work. R. Doc. 489-1, p. 14. Liberty next contends that its lawyers exercised billing judgment where the hours that they seek to recover exclude administrative time, time incurred reviewing HANO's new exhibits received in December 2017, or any time incurred before the January 4, 2018. *Id.* Liberty also contends that they worked under compressed times because the Pre-Trial Order was due on January 15, 2018. R. Doc. 489-1, p. 16. Liberty also contends that there were time constraints in filing the joint motion for sanctions before the pre-trial conference on January 25, 2018. *Id.*

HANO contends that any entry before January 13, 2018 should be excluded. R. Doc. 496, p. 6-7. HANO next contends Liberty's claim for fees related to internal conferences, internal communications, and instructions to attorneys representing Parkcrest would have occurred notwithstanding any violation to the Court's January 4, 2018 Order rendering those fees duplicative and unrelated to the sanctionable conduct. R. Doc. 496, p. 7. HANO further contends, because Liberty fails to identify which communications are exclusively related to HANO's noncompliance with the January 4, 2018 Order, those fees are unreasonable. *Id.*

In reviewing the billing sheets, the Court notes that Mangum's actual hours total 15.5, Krebs's actual hours total 14.5, and Hewlings's actual hours total 45.2.

As an initial matter, notes that the attorneys appear to exercise billing judgment by reducing entries related to conference by fifty-percent (50%). *See* R. Doc. 489-6. The Court next notes that it does not find a three-person trial team excessive given the complexity of the litigation and the sheer number of documents that needed to be reviewed.

8

The Court, however, notes that Mangum's January 5, 2018 entry for 0.1 reviewing the exhibit-marshalling conference's Order would have occurred notwithstanding any future violation of the Order, which occurred on January 13, 2018. R. Doc. 489-6, p. 1. The same logic extends to Kreb's and Hewlings' review of HANO 7,000+ exhibit list before HANO was allowed the opportunity to make modification pursuant to the Court's January 4, 2018 Order. As such, the Court will reduce Mangum's, Krebs's, and Hewlings' reasonable hours by 0.1, 0.9, and 1.4 hours respectively.

The Court, nonetheless, finds that issues with compliance regarding the Court's Order appear to start arising on January 8, 2018, with designation of ASI's in contravention to the Court's Orders and the preparing of objections. *Id.* The Court finds these entries and those on January 10, 2018 reasonable and will allow them.

The Court, in reviewing the hours sought, finds the request for Krebs that 12.0 is reasonable, Mangum that 15.0 hours is reasonable, and Hewlings that 40.0 is reasonable.[3]

C. **Lodestar** *Calculation*

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---:|---:|---:|
| David Krebs | $225.00 | 12.0 | $2,715.50 |
| Craig Mangum | $200.00 | 15.4 | $3,080.00 |
| Cassandra Hewlings | $185.00 | 40.0 | $7,400.00 |
|  |  | **Total:** | $13,195.50 |

The total *Lodestar* amount then is **$13,195.50**.

---

[3] The Court, here notes, that while the billing entries reflect 13.6 hours for Krebs and 43.8 hours for Hewlings, minus the unreasonable hours, Liberty only sought 12.9 hours for Krebs and 41.4 hours for Hewlings in its motion.

9

### D. Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the *Lodestar* is required. *Migis v. Pearle Vision*, Inc., 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the *Lodestar* is warranted.

### IV. Conclusion

**IT IS RECOMMENDED** that **Liberty Mutual Insurance Company's Motion for Attorneys' Fees (R. Doc. 489)** be **GRANTED**. Liberty Mutual is awarded reasonable attorneys' fees and expenses in the amount of $**13,195.50** and against HANO.

**IT IS FURTHER RECOMMENDED** that HANO shall satisfy its obligation to Liberty Mutual **no later than <u>twenty-one (21) days</u>** from the issuance of the District Judge's Order.

New Orleans, Louisiana, this <u>5th</u> day of May 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**