UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PARKCREST BUILDERS, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO:**   15-01533 c/w |
| | 16-14118 |
| | 16-15849 |
| **HOUSING AUTHORITY OF NEW ORLEANS (HANO)** | **SECTION: "J" (4)** |

REPORT AND RECOMMENDATION

Before the Court is **Parkcrest Builders, LLC's Motion to Set Attorney's Fees (R. Doc. 493)** seeking attorneys fees in the amount of $7,730.00 for time incurred as a result of Housing Authority of New Orleans ("HANO")'s violations of the Court's January 4, 2020 Order. HANO opposes this motion. R. Doc. 497. The matter was referred to the undersigned United States Magistrate Judge pursuant to Title 28 U.S.C. § 636(b) and Local Rule 73.3 for the submission of Proposed Findings and Recommendations.

I.  **Factual Summary**

This matter arises out of a construction contract dispute between Parkcrest, as the original contractor, and HANO, the property owner. Parkcrest contracted with HANO for the construction of the Florida Avenue: New Affordable Housing Units ("the Project").  The relationship between HANO and Parkcrest deteriorated during the course of the Project and, on April 10, 2015, HANO terminated Parkcrest prior to completion. HANO then sought Liberty Mutual perform its obligations as surety for Parkcrest. On June 9, 2015, HANO and Liberty Mutual entered into a Takeover Agreement to complete the Project. Once the Takeover Agreement was executed, Liberty Mutual retained Parkcrest as its completion contractor and the parties resumed work. However, the Project continued to be plagued by delays and disagreements about their cause. As a result, Parkcrest initiated this suit in the Eastern District on May 8, 2015. R. Doc. 1.

On June 16, 2017, HANO filed a witness and exhibit list in compliance with this Court's Scheduling Order deadline. R. Doc. 220. On August 17, 2017, counsel for the parties participated in a pretrial conference. R. Doc. 361. Due to the volume exhibits, the District Judge referred the matter to the undersigned to secure assistance with narrowing the volume of exhibits. *See id.* In connection with the exhibit marshalling conference, the undersigned issued an Order (R. Doc. 411) requiring HANO to:

1.) Reduce the newly added 3,300 exhibits, which were largely photographs, to 10%, or 330 exhibits, and include them in the join proposed pre-trial order; and

2.) Exclude from the joint pretrial order 630 newly added document exhibits that are not field reports.

Rather than comply with the Order, HANO reduced the number of exhibits to 1,733 photographs and documents to 102 non-field reports.[1] As a result, Liberty and Parkcrest filed a motion for sanctions for violations of the Order. R. Doc. 420. The District Judge granted the motion. R. Doc. 429. The determination of reasonable attorneys' fees was referred to the undersigned. R. Doc. 536. Parkcrest and Liberty complied with the Court's instruction and filed the subject motions seeking the award of reasonable fees. R. Docs. 489 & 493.

Parkcrest seeks an award of $7,730.00 in attorneys' fees from HANO because HANO's noncompliance with the underlying Order resulted in tremendous work by its counsel, which took time away from the preparation of its own claims and defenses, during the pretrial phase of the case. R. Doc. 493.

II. **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 16(f) provides "on motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its

---

[1] HANO, while not complying with the Order, filed an objection seeking a review of the undersigned's Order seeking an order reversing the ninety-percent exhibit reduction order. *See* R. Doc. 416.

2

attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. Pro. 16(f)(1)(C). Rule 16(f) also provides "the court must order the party, its attorney, or both to pay the reasonable expenses—including attorney's fees—incurred because of any noncompliance with this rule. Fed. R. Civ. Pro. 16(f)(2).

Generally, "in cases sitting in diversity jurisdiction, as is the case in the instant matter, state law governs the substantive questions of the award and reasonableness of attorney's fees." *Omega Hosp., LLC v. Cmty. Ins. Co.*, No. CV 14-2264, 2016 WL 1161277, at *2 (E.D. La. Mar. 24, 2016) (citing *Alyeska Pipeline Servs. Co. v. Wilderness Soc'y*, 421 U.S. 240, 259 n. 31 (1975); *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002)). However, "as the instant motion relates to an award of sanctions, in the form of attorney's fees pursuant to Federal Rule[s] of Civil Procedure" 16 and 37, federal law governs the imposition of fees. *Omega Hosp.*, 2016 WL 1161277, at *2.

Therefore, the Court will analyze the proposed award of attorney's fees pursuant to the federal standard. *Id.* (citing *Southern U.S. Trade Ass'n v. Guddh*, No. 10–1669, 2013 WL 1789515 at *2, n. 2 (E.D. La. Apr. 26, 2013) (applying the federal standard in a diversity matter because attorney's fees were related to a motion for sanctions pursuant to Federal Rule of Civil Procedure 37)).

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* Once the lodestar has been determined, the district court must consider the weight and applicability of the twelve factors delineated in *Johnson*. *See Watkins v. Forcide*, 7 F.3d 453, 457 (5th Cir. 1993).[2] Subsequently, if the *Johnson* factors warrant an

---

[2] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the

3

adjustment, the court may make modifications upward or downward to the *Lodestar*. *Id.* However, the *Lodestar* is presumed to be a reasonable calculation and should be modified only in exceptional circumstances. *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

The party seeking attorneys' fees bears the burden of establishing the reasonableness of the fees by submitting "adequate documentation of the hours reasonably expended" and demonstrating the use of billing judgement. *Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (citing *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir. 1997)).

### III.  Analysis

Parkcrest seeks an award of $7,730.00. R. Doc. 493.  Parkcrest contends that the reason for its request stems from HANO's failure to comply with the Court's earlier Order, which caused tremendous additional amounts of work for Parkcrest to include multiple all-day exhibit-marshalling conferences. R. Doc. 489-1, p. 8.[3] The non-compliance also resulted in multiple reviews of non-compliant exhibit lists and subsequently the drafting of the Joint Cross Motion for Sanctions Under Federal Rule of Civil Procedure 16(f). *Id.*; *see also* R. Doc. 420.

HANO contends that Parkcrest relying upon artificial misrepresentations resulted in increased fees and costs. R. Doc. 497. HANO acknowledges that it added exhibits to its list in the fall of 2017 and believed in good faith that it should do so in preparing the case for trial. R. Doc. 497, p. 2.

HANO acknowledges, while it was sanctioned for noncompliance with the undersigned's Order, the imposition of attorney's fees was limited to the additional time and expense incurred by

---

attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

[3] Parkcrest adopted Liberty's rendition of the facts. R. Doc. 493-1.

4

Parkcrest's client relating only to HANO's violation of the January 4, 2018 Order. R. Doc. 497, p. 5. Additionally, HANO contends that Parkcrest spent unreasonable amounts of time and failed to exercise billing judgment. HANO further contends, as Parkcrest's fee can only relate to the violation of the Court's January 4, 2018 Order, Parkcrest's fees are limited by the circulation of HANO's final exhibit list on January 13, 2018. R. Doc. 497, p. 5-7.

### A. Reasonable Hourly Rate

The "appropriate hourly rate . . . is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013) (citing *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012)). Moreover, the rate must be calculated "at the 'prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Int'l Transp. Workers Fed'n v. Mi-Das Line, SA*, 13–00454, 2013 WL 5329873, at *3 (E.D. La. Sept. 20, 2013) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11. Finally, if the hourly rate is not opposed, then it is *prima facie* reasonable. *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990) (quoting *Islamic Ctr. of Mississippi v. City of Starkville*, 876 F.2d 468, 469 (5th Cir. 1989)).

Here, Parkcrest has requested the hourly rates of two attorneys, of the law firm Kean Miller, LLP, who worked on behalf of Parkcrest and participated in the exhibit marshalling conference in this matter. R. Doc. 493-1, p. 2. Those attorneys include Jeffrey N. Boudreaux, managing partner with eighteen (18) years of legal experience, and Thomas D. Bourgeois, Jr., an associate with two (2) years of legal experience. *Id.* Each of these lawyers, according to Parkcrest, is experienced in

5

complex commercial litigation relating to construction disputes. *Id.* In addition, Parkcrest also seeks fees for its paralegal Alycee Sunstrom, who has nineteen (19) years of experience. *Id.*

Parkcrest contends that Boudreaux's hourly rate is $350/hour and Bourgeois reasonable hourly rate is $250/hour. R. Doc. 493, p. 3. Parkcrest also contends that Alycee Sunstrom's hourly rate is $150/hour. *Id.* Parkcrest contends that the rates are reasonable because this Court has long-determined that the top rate for partner-level attorneys in the New Orleans area was between $400 and $450. *See, e.g., Oreck Direct, LLC v. Dyson, Inc.*, No. CIV.A. 07-2744, 2009 WL 1649503, at *4 (E.D. La. June 8, 2009) (finding, in New Orleans local legal market, that the top rate for partner-level attorneys is between $400 and $450 per hour); *DirecTV, LLC v. Ertem*, No. CIV.A. 13-487, 2015 WL 459398, at *3 (E.D. La. Feb. 3, 2015) (finding hourly rates of $350/hour for partners and $250/hour for associates reasonable).

HANO contends that Boudreaux's rate of $350/hour is not reasonable and an hourly rate of $225/hour is more appropriate based upon Boudreaux's years of experience. R. Doc. 497, p. 5-6. HANO further contends that Bourgeois's rate is excessive given his two years of experience as a lawyer and contends that a rate of $125.00/hour is appropriate. R.Doc. 497, p. 6. Finally, HANO contends that the Court should deny any award for paralegal work performed by Sunstrom. *Id.* HANO points out that Parkcrest failed to present any evidence of prevailing market rate for paralegals. *Id.* HANO further contends that should the court decide to award a fee for the paralegals work that the rate of compensation should be adjusted downward because it is excessive. *Id.* HANO, however does not propose an appropriate hourly rate for Sunstrom. *Id.*

First, considering Boudreaux's rate, the Court finds $350/hour is not the prevailing rate for an attorney with eighteen years of experience. *See Hebert v. Jefferson Par. Sch. Bd.*, No. CIV.A. 10-2904, 2012 WL 1014997, at *3 (E.D. La. Mar. 21, 2012) (finding a rate of $295/hour reasonable

6

for attorney with eighteen years of experience.); *see also Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, No. CIV.A. 09-3822, 2010 WL 2773208, at *5 (E.D. La. July 13, 2010) (finding rate of $300/hour reasonable for attorney with seventeen years of experience); *Belfor USA Grp., Inc. v. Bellemeade Partners, LLC*, No. CIV.A 09-0158, 2010 WL 630009, at *3 (E.D. La. Feb. 19, 2010) (finding hourly rate of $210.00 is reasonable for attorney with twenty years of experience). The Court finds that a more reasonable rate of $275/hour is appropriate given Boudreaux's years of experience.

Next, considering Bourgeois's rate, the Court finds $225/hour for an attorney with two years of experience is not reasonable. *See Atel Mar. Inv'rs, LP v. Sea Mar Mgmt., LLC*, No. CIV.A. 08-1700, 2011 WL 2550505, at *3 (E.D. La. June 27, 2011) (finding rate of $175.00 appropriate for attorney with two years of experience); *see also Constr. S., Inc. v. Jenkins*, No. CIV.A. 11-1201, 2011 WL 3882271, at *2 (E.D. La. July 29, 2011), *report and recommendation adopted*, No. CIV.A. 11-1201, 2011 WL 3892225 (E.D. La. Sept. 2, 2011) (finding $180/hour a reasonable rate for attorney with two years of experience). The Court, therefore, finds that a rate of $180.00 is reasonable based upon Bourgeois's years of experience.

Finally, regarding Sunstrom, this district has found "to the extent that the paralegal's duties consist of work traditionally done by an attorney," that those expenses are recoverable. *Warder v. Shaw Grp., Inc.*, No. CV 09-4191, 2016 WL 3447950, at *4 (E.D. La. June 23, 2016). This district further considers"[w]ork traditionally performed by an attorney [to] include[] "digesting depositions, collating, marking and indexing exhibits, [and] preparing and arranging for service of subpoenas." *Id.* (citing *Norris v. Causey*, Civ. A. No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016)). Having reviewed the billing records, the Court, here, finds Sunstrom performed work traditionally done by an attorney, thus, rendering her fees recoverable. The Court further

finds that $150/hour is the prevailing hourly rate for a paralegal in this district. *See, e.g., id.* (awarding $130/hour for paralegal's work); *Loiacano v. DISA Glob. Sols.*, No. CV 14-1750, 2016 WL 2926679, at *2 (E.D. La. May 19, 2016) (awarding $150/hour for paralegal's work). Accordingly, the Court finds that Sunstrom's hourly rate is reasonable.

Therefore, the Court finds the reasonable rates for Parkcrest's attorneys and paralegal are $275/hour for Boudreaux, $180/hour for Bourgeois, and $150/hour for Sunstrom.

### B. *Hours Reasonably Spent on Litigation*

Next, the Court must determine the reasonable time expended on the litigation. The party seeking the fee bears the burden of documenting and supporting the reasonableness of all-time expenditures that compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary…" *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id*. The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement". *Id*. The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir.1996) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'")). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educational Fund*, 284 F.3d 642, 662 (5th Cir.2002) *overruled on other* grounds, Burlington Northern and Santa Fe Railway Co. v. White, 548 U.S. 53 (2006).

Parkcrest seeks a total of 12.6 hours for Boudreaux's work, 5.0 hours for Mr. Bourgeois's work, and 13.8 hours for Sunstrom's work. R. Doc. 493-1, p. 3. Parkcrest contends the hours it expended are especially reasonable when considering the efficiencies gained from filing joint motions and oppositions in addition to relying on Liberty's counsel's review of HANO's exhibit lists for violation of undersigned's Order, as opposed to having counsel for both parties simultaneously perform all of these duties. R. Doc. 493-1, p. 4.

HANO contends Parkcrest's time expended is not reasonable where there are duplicate entries and some of its entries are for activities performed not in relation to HANO's violation of the Court's January 4, 2018 Order. R. Doc. 497, p. 7-8. HANO also contends that the time spent performing certain activities is excessive and Parkcrest should not be able to recover fees for conferences attend with undersigned. R. Doc. 497, p. 11-12.

In reviewing the billing sheets, the Court notes that Boudreaux's actual hours total 12.6, Bourgeois's actual hours total 5.0, and Sunstrom's actual hours total 13.8.

As an initial matter, the Court notes that the attorneys appear to exercise billing judgment by reducing entries related to conferences by fifty-percent (50%). *See* R. Doc. 493-2. The Court also notes that Parkcrest did not duplicate any of Liberty's entries and limited their hours on this motion where Liberty took the lion's share of the work on this motion.

The Court, however, notes that Boudreaux's January 5, 2018 entry for 4.6 hours working on an action item list following exhibit-marshalling conference would have occurred notwithstanding any future violation of the January 4, 2018 Order, which occurred on January 13, 2018. The Court will not allow recovery for these hours.

Notwithstanding, the Court finds all other entries recoverable. The Court, in reviewing the hours sought, finds an hourly expenditure for Boudreaux that 8.0 hours is reasonable, Bourgeois that 5.0 hours is reasonable, and Sunstrom that 13.8 hours is reasonable

### C. Lodestar *Calculation*

Given the foregoing reasonable rates and hours, the Court calculates the following *Lodestar* amount for each attorney as:

| Attorney | Reasonable Hourly Rate | Reasonable Hours Expended | *Lodestar* Amount |
|---|---|---|---|
| Jeffrey N. Boudreaux | $275.00 | 8.0 | $2,200.00 |
| Thomas D. Bourgeois, Jr. | $180.00 | 5.0 | $900.00 |
| **Paralegal** | | | |
| Alycee Sunstrom | $150.00 | 13.8 | $2,070.00 |
| | | Total: | $5,170.00 |

The total *Lodestar* amount then is **$5,170.00**.

### D. *Adjusting the* Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson*, 488 F.2d at 717-19. However, "the Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors for enhancement purposes, and accordingly, the Fifth Circuit has held that '[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts.'" *Wells Fargo Equip. Fin., Inc. v. Beaver Const., LLC*, No. CIV. 6:10-0386, 2011 WL 5525999, at *3 (W.D. La. Oct. 18, 2011) (citing *Walker v. U.S. Department of Housing and Urban Development*, 99 F.3d 761, 771–72 (5th Cir. 1996)). Finally, to the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the *Lodestar* is required. *Migis v. Pearle Vision*, Inc.,

135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully evaluated the *Johnson* factors and finds no adjustment of the *Lodestar* is warranted.

### IV.   Conclusion

Accordingly,

**IT IS RECOMMENDED** that **Parkcrest Builders, LLC's Motion for Attorneys' Fees (R. Doc. 493)** be **GRANTED** in the amount of $5,170.00 against HANO.

**IT IS FURTHER RECOMMENDED** that HANO shall satisfy its obligation Parkcrest Builders, LLC **no later than <u>twenty-one (21) days</u>** from the issuance of the Order by the District Judge.

New Orleans, Louisiana, this <u>7th</u> day of May 2020.

**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**