UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PARKCREST BUILDERS, LLC, | CIVIL ACTION |
| VERSUS | NO: 15-1533<br>c/w 16-15849 |
| HOUSING AUTHORITY OF NEW ORLEANS | SECTION: "J"(4) |
| | Applies to 15-1533 |

**ORDER & REASONS**

Before the Court are a *Petition for Writ of Execution and Other Proceedings Supplemental to Judgment* **(Rec. Doc. 687)** filed by Liberty Mutual Insurance Company ("Liberty") and a *Motion to Stay Execution of Judgment* **(Rec. Doc. 688)** filed by the Housing Authority of New Orleans ("HANO"). Liberty contends that a writ of execution should issue because the federal interest in enforcement of the attorney's fees judgment overrides the prohibition against seizure of public property in Article XII, § 10(C) of the Louisiana Constitution.

"[W]hen there is a federal interest in the remedy, [the Court] may trump a state's anti-seizure provision and enforce a money judgment against a public entity." *Freeman Decorating Co. v. Encuentro Las Americas Trade Corp.*, 352 F. App'x 921, 923 (5th Cir. 2009) (per curiam). Liberty first contends that there is a "federal interest to see that federal funds are used to pay the judgments due and owing to Liberty."[1] While HANO is entirely funded by the federal government, it has not yet been appropriated funds to satisfy the judgment at issue here, and Liberty is not seeking

---

[1] (Rec. Doc. 687-1, at 4).

an order directing the U.S. Department of Housing and Urban Development ("HUD") to appropriate such funds. Rather, Liberty's petition is seeking to seize property owned by the State of Louisiana via HANO—state property—and therefore this argument is inapposite.

Similarly, Liberty contends that "[t]here is a federal interest in seeing that an entity funded and controlled by the federal government properly pays a federal court judgment."[2] This is a truism, as the Court has an interest in seeing that all of its judgments are satisfied, and fails to address whether a sufficient federal interest exists in this dispute to override a state constitutional provision prohibiting seizure of public property.

Third, Liberty argues that HANO is unwilling to comply with the attorney's fee judgment because it "has not attempted to satisfy this judgment or post any security to stay execution as it was previously ordered to do with respect to" the merits judgment.[3] The Court previously explained: "[A] federal interest may develop if a subdivision of the state proves sufficiently resistant to paying a judgment. . . . However, the state entity must be guilty of more than mere sloth for a federal interest to arise." *Parkcrest Builders, LLC v. Hous. Auth. of New Orleans*, No. 15-1533, 2018 WL 6267285, at *2-3 (E.D. La. Nov. 30, 2018) (citing *Gates v. Collier*, 616 F.2d 1268, 1271 (5th Cir. 1980), and *Freeman*, 352 F. App'x at 925).

---

[2] *Id.*
[3] *Id.* at 5.

At this point, HANO cannot be said to be guilty of unreasonable delay, as only three months have passed since the attorney's fees judgment was entered. *See Freeman*, 352 F. App'x at 925 (holding that a letter sent a year and a half after judgment was entered, which indicated that the City of New Orleans did not believe it was required to immediately satisfy the judgment, was not sufficient to create a federal interest). Further, Liberty has not even provided evidence that HANO has rejected a demand for payment on the attorney's fees judgment, much less any evidence that HANO "intends to *never* satisfy the judgment." *Id.* (emphasis added). While Liberty refers to evidence that HANO is unable to satisfy this, or any, judgment without an appropriation from HUD, it conflates the inability to independently satisfy the judgment with an intention to never do so. *Cf. Gary W. v. State of Louisiana*, 622 F.2d 804, 805-06 (5th Cir. 1980) (holding that a federal interest arose only after the Louisiana Legislature rejected two bills to authorize payment of the judgment). Liberty has not presented any evidence that HANO's appropriation request was denied by HUD. Further, the record reflects that Liberty was promptly paid once it prevailed in HANO's appeal of the merits judgment.[4] Therefore, Liberty has failed to establish that HANO "intend[s] to resist judgment until the bitter end" such that a federal interest sufficient to overcome Louisiana's anti-seizure provisions exists. *Gates*, 616 F.2d at 1272.

Accordingly,

---

[4] The Court of Appeals issued its mandate on May 19, 2020 (Rec. Doc. 656) and funds representing the entire amount of the merits judgment were dispersed to Liberty on May 20, 2020 (Rec. Doc. 658).

**IT IS HEREBY ORDERED** that Liberty's *Petition for Writ of Execution* **(Rec. Doc. 687)** is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that HANO's *Motion to Stay* **(Rec. Doc. 688)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 4th day of March, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE